STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

__✓ Providence/Bristol County__
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ Kent County_
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

___ Newport County_
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ Washington County_
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. PC-12-6165

Christopher Young } **Plaintiff**

Christina Paxson } **Defendant**

## *Summons*

*To the above-named Defendant:*

    The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ...... Christopher Young ............... Plaintiff's attorney, whose address is ......................... 4 Angell Road ...................... Narragansett, RI 02882 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

    . If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

    As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

.................................................................,
**CLERK**

Dated: ...............................................................

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

......................................................,SC

## PROOF OF SERVICE

I hereby certify that on the ...12/2/2012... day of .................................................... I served a copy of this

summons and a copy of the complaint received therewith upon ..............................................................................

................................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ........................................

................................................................................., with a person of suitable age and discretion then

residing therein.        (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ........................................

................................................................................., with a person of suitable age and discretion then

residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to

receive service of process, namely ....................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given

as follows:

................................................................................................................................................................

................................................................................................................................................................

................................................................................................................................................................

Sheriff's Fees

Travel.......................... $..............................        **A TRUE COPY ATTEST**

Service.......................... $..............................        _(signature)_

        $..............................        **DEPUTY SHERIFF**        Deputy Sheriff

NOTE: Returnable to Plaintiff's Attorney forthwith
service. Proof of service to be filed within time during v
the person served must respond.

Office of the President
Providence, RI 02912
Box 1860
Christina Paxson
President Brown University
ATTORNEY FOR PLAINTIFF

Christopher Young

VS

SUPERIOR COURT

SUMMONS

FILE NO.  PC-12-6165

CIVIL ACTION

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

____ *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

____ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

____ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

____ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. PC-12-6165

Christopher Young
**Plaintiff**

Ruth Simmons
**Defendant**

*Summons*

---

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ........ Christopher Young
Plaintiff's attorney, whose address is ........ 4 Angell Road
........ Narragansett, RI 02882
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: ....................................................................

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

......................................................,SC

## PROOF OF SERVICE

I hereby certify that on the ...12/2/2012... day of .................................................. I served a copy of this summons and a copy of the complaint received therewith upon ....................................................................................

..................................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, .................................................

.................................................................................., with a person of suitable age and discretion then
residing therein.          (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, .........................................

...................................................................................., with a person of suitable age and discretion then
residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely...........................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..................................................................................................................................................................

...........................................................................................................................................................

..................................................................................................................................................................

Sheriff's Fees

Travel.............................. $...............................

Service........................ $...............................

$...............................

*A TRUE COPY ATTEST*
*DEPUTY SHERIFF*

...................................................... /20
Deputy Sheriff

NOTE: Returnable to Plaintiff's Attorney forthwith service. Proof of service to be filed within time during which the person served must respond.

1 Prospect Street
President
Former President
Brown University
Box 1860
Ruth Simmons
Office of the President
Presidente
Of 02612
ATTORNEY FOR PLAINTIFF

VS

Christopher Young

SUPERIOR COURT

SUMMONS

FILE NO. PC-12-6165

CIVIL ACTION

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

 *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

_____ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

_____ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

_____ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. PC-12-6165

Christopher Young
**Plaintiff**

Edward Wing
**Defendant**

### *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon .....Christopher Young.....................
Plaintiff's attorney, whose address is ....................................4 Angell Road....................
......................................................................Narragansett, RI 02882.....................
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your. ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

.....................................................................,
CLERK

Dated: ....................................................................

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

............................................,SC

## PROOF OF SERVICE

I hereby certify that on the .$12$-/$2$/$2012$ .... day of ............................................ I served a copy of this summons and a copy of the complaint received therewith upon ...........................................................................

....................................................................................................................................................
in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ..................................................
........................................................................................, with a person of suitable age and discretion then
residing therein.    (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................
........................................................................................, with a person of suitable age and discretion then
residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to
receive service of process, namely ...........................................................................................................
such agent being one designated by statute to receive service, further notice as the statute requires was given
as follows:

....................................................................................................................................................
....................................................................................................................................................

Sheriff's Fees

Travel............................. $.............................

Service......................... $.............................

$.............................

A TRUE COPY ATTEST

DEPUTY SHERIFF

Deputy Sheriff

NOTE: Returnable to Plaintiff's Attorney forthwith service. Proof of service to be filed within time during which the person served must respond.

and Biological Sciences
Brown University
Box G-A
91 Waterman Street
Providence, RI 02912
ATTORNEY FOR PLAINTIFF

Office of the Dean of Medicine

Edward Wing

vs

Christopher Young

SUPERIOR COURT

SUMMONS

FILE NO. PC-12-6165

CIVIL ACTION

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

_✓ Providence/Bristol County_
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

_____ Newport County_
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

_____ Kent County_
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

_____ Washington County_
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

Christopher Young
_____
                        **Plaintiff**

Marisa Quinn
_____
                        **Defendant**

CIVIL ACTION, FILE NO. _PC-12-6165_

## _Summons_

A TRUE COPY ATTEST

DEPUTY SHERIFF

_To the above-named Defendant:_

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ___Christopher Young___
Plaintiff's attorney, whose address is _____ Y Angell Road
_____ Narragansett, RI 02882
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

_____
                                                CLERK

Dated: _____

(Seal of the Superior Court)

## State of Rhode Island and Providence Plantations

............................................,SC

### PROOF OF SERVICE

I hereby certify that on the ...1 2 - 2 - 201 2... day of ....................................................... I served a copy of this

summons and a copy of the complaint received therewith upon ................................................................................

..........................................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ...................................................

..............................................................................................., with a person of suitable age and discretion then

residing therein.          (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ...........................................

..............................................................................................., with a person of suitable age and discretion then

residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to

receive service of process, namely....................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given

as follows:

..........................................................................................................................................................................

..........................................................................................................................................................................

..........................................................................................................................................................................

Sheriff's Fees

Travel.......................... $...........................

Service........................ $...........................

$...........................

Jose A Cuza  # 126
Deputy Sheriff

NOTE: Returnable to Plaintiff's Attorney forthwith service. Proof of service to be filed within time during which the person served must respond.

Nicholson House
71 George Street, Providence RI 05
ATTORNEY FOR PLAINTIFF

Box 1920
Brown University
and Community Relations
Vice President of Public Affairs
Maurica Quinn

VS

Christopher Young

SUPERIOR COURT

SUMMONS

FILE NO. PC-12-6165

CIVIL ACTION

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

✓ *Providence/Bristol County*
   Licht Judicial Complex
   250 Benefit Street
   Providence, Rhode Island 02903

_____ *Kent County*
   Kent County Courthouse
   222 Quaker Lane
   Warwick, Rhode Island 02886

_____ *Newport County*
   Murray Judicial Complex
   45 Washington Square
   Newport, Rhode Island 02840

_____ *Washington County*
   McGrath Judicial Complex
   4800 Tower Hill Road
   Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. _PC-12-6165_

Christopher Young
                **Plaintiff**

Paul Shanley
                **Defendant**

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon .......... Christopher Young

Plaintiff's attorney, whose address is ...................................... 4 Angell Road

Narragansett, RI 02882

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

**A TRUE COPY ATTEST**

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

**DEPUTY SHERIFF**

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

.....................................................,
                                           **CLERK**

Dated: ..................................................................

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

.........................................................,SC

## PROOF OF SERVICE

I hereby certify that on the ...... 12/2/2012 ...... day of ........................................... I served a copy of this

summons and a copy of the complaint received therewith upon .............................................................

........................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ,......................................

..................................................................................., with a person of suitable age and discretion then

residing therein.        (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ...........................................

..................................................................................., with a person of suitable age and discretion then

residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to

receive service of process, namely ..................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given

as follows:

........................................................................................................................................................

........................................................................................................................................................

........................................................................................................................................................

Sheriff's Fees

Travel............................ $....................................

Service......................... $....................................

                              $....................................

_Butler 17δ_

Deputy Sheriff

NOTE: Returnable to Plaintiff's Attorney forthwith
service. Proof of service to be filed within time during
the person served must respond.

ATTORNEY FOR PLAINTIFF

Paul Shanley
Deputy Chief
Brown University of Public Safety
Campus Box 1842
75 Charles Field St
Providence, RI 02912

vs

Christopher Young

SUPERIOR COURT

SUMMONS

FILE NO. PC-12-6165

CIVIL ACTION

STATE OF RHODE ISLAND    AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

CIVIL CASE COVER SHEET

CASE # PC-12-6165

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| Christopher Young | | Brown University, through President Christine Paxson and former President Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley, and John Does Brown University-Police Officers |
| PLAINTIFF | ID# | DEFENDANT   ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

### CIVIL ACTION

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PJ PERSONAL INJURY/VEHICLE |
| (✓) AB ASSAULT AND BATTERY | ( ) FF FORFEITURE | ( ) PL PRODUCT LIABILITY |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PR PARTITION |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RC REINSTATE CHARTER |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) PT PROMISSORY NOTE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) RY REAL PROPERTY |
| (✓) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SA SEXUAL ABUSE |
| ( ) CI CRIMINAL INJURY COMP | ( ) KP KUGEL PATCH | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LC LEAD CASE | ( ) SX SEXUAL HARASSMENT |
| ( ) CM COMMON LAW LIEN | ( ) LS LIBEL/SLANDER | ( ) TD CONTRACT DAMAGES |
| ( ) CS CONVERSION | ( ) ME MALPRACTICE/LEGAL | ( ) TE TRESSPASS AND EJECTMENT |
| ( ) CV CRIMINAL CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TO TITLE CLEARING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) MO MALPRACTICE/OTHER | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) DJ DECLARATORY JUDGMENT | ( ) MR MERS | ( ) TG TRUSTEE/ACCOUNTING |
| (✓) DG RECOVERY OF DAMAGES | (✓) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DB DEBT ON JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WD WRONGFUL DEATH/ OTHER |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PG PROPERTY DAMAGES/VEH | ( ) WE WRONGFUL DEATH/ MED. MAL |
| ( ) DN DENIAL OF PROBATE CLAIM | (✓) PI PERSONAL INJURY | ( ) WM WRIT OF MANDAMUS |
| | | ( ) WR WRIT OF REPLEVIN |

### MISCELLANEOUS PETITION

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION-INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) SS STRUCTURED SETTLEMENT |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | ( ) VC VACATE ARBITRATION |

### PROBATE APPEAL

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

### DISTRICT COURT APPEAL

| |
|---|
| ( ) DISTRICT COURT APPEAL |

| TRIAL | (✓) YES | ( ) NO | IF YES: | (✓) JURY | ( ) NON-JURY |

ATTORNEY NAME AND RHODE ISLAND BAR NUMBER:
PRO SE/NAME: Christopher F. Young                    DATE: 11/29/12

SC-223
Superior-3 (revised October 2011)

DEFENDANT'S COPY



%%              R E C E I P T

Rhode Island Justice System

        Receipt Number:  SCP391493
               Date: 30-NOV-2012
            Cashier:            BWI

Payor:   BW-FEEW
Address:
Description                    Amount

Case: PC-2012-6165
     CHRISTOPHER YOUNG V BROWN UNI
INITIAL FILING FE             150.00
RI LEGAL SERVICES              10.00

     Present Balance:         160.00
       Amount Paid:           160.00
     New Balance Due:           0.00

Tender Type: FEE WAIVED/       160.00
     Amount Tendered:            0.00
         Amount Paid:         160.00
            Change:             0.00



# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

CASE # _PC-12-6165_

STATE OF RHODE ISLAND

VS

_____

### AFFIDAVIT OF INDIGENCY

#### PERSONAL INFORMATION

Name: _Christopher Young_

Address: _4 Angell Road_

City: _Narragansett, RI  02882_

Tel. No. _401-477-6178_

DOB: _10-11-1968_

Marital Status: M___ S___ D___ W _✓_

Dependents: (Ages) _____

_____

#### EMPLOYMENT INFORMATION

Employed:   ☐ Yes   ☑ No

Employer: _____

Address: _____

Income: _____ per month

Other income: (Government benefits, Child Support, Alimony, Pension, etc.)

Income: _$270_____ per month

How Long ? _____

Unemployment Insurance? Yes____ No _✓_

Income: _____ Per Month

Source(s) _family/friends_

#### SHELTER COSTS

If Own Home:     Value: $_____

If Rent: Monthly Rent: $_____ _0_____

If Board: With whom: __wife_____

UTILITIES: (approx. monthly amount): $_____ _100_

FOOD (approx. monthly amount): $_____ _100_
_f.s. 200_

Mortgage/Lien: $_____

Monthly contribution (if any) $_____

Gas: $_50_  Elec: $_50_  Oil: $_____

CLOTHING (approx. monthly amount): $____ _20_

| ASSETS | VALUE | LIABILITIES | AMOUNT |
|---|---|---|---|
| Motor Vehicle | $ _500._ | Loans (bank or private) | $ _O_ |
| Type _1996 Honda Civic_ | | | |
| Year _1996_ | | | |
| Car, Boat, Truck, Motorcycle | $ _O_ | Court obligations (fines, costs restitution): | $ _O_ |
| Bank account balances: | | | |
| Checking: | $ _O_ | Consumer loans/credit cards: | $ _O_ |
| Savings: | $ _O_ | Medical bills | $ _O_ |
| Real property: | $ _O_ | Taxes | $ _O_ |
| | $ ____ | Other (insurance, legal fees, education, etc.) | $ _600 per year_ |
| Other: (IRA, CD, Trusts, Stocks, Bonds, etc.) | $ ____ | | |

I, _Christopher Young_ , attest that the information provided is truthful, complete, and accurate to the best of my knowledge. I am aware that any false statement or misrepresentation knowingly made shall cause me to be subject to charges of perjury in accordance with the laws of the State of Rhode Island and Providence Plantations.

Signed: _[signature]_     Date: _11/29/_

Sworn before: _Joseph T Burke_     Date: _11-29-13_
Notary Public

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

☑ **PROVIDENCE/BRISTOL COUNTY** ☐ **KENT COUNTY** ☐ **WASHINGTON COUNTY**

☐ **NEWPORT COUNTY**

Christopher Young
_____
Plaintiff

Case No. PC-12-6165

v. Brown University, Through its President,
Christina Paxson and former President Ruth Simmons,
Edward Wing, Marissa Quinn, Paul Shanley, Brown University Police
                                    Officers, John Does
_____
Defendant

## MOTION TO PROCEED IN FORMA PAUPERIS

Now comes the Plaintiff and prays that this court waive the costs of service of process and filing fees, on the grounds that the Plaintiff is presently indigent and as such, has no funds with which to pay these costs. _Please seal the motion to proceed in forma pauperis, and the affidavit of indigency because I should not be penalized in the public square for standing for my civil rights_

An affidavit is submitted in support of this motion.

_____
Signature of Plaintiff

## ORDER

☒ **GRANTED**: It is hereby ordered that the Plaintiff may file the Complaint without payment of the filing fee and that the Sheriff of _____ County shall serve without charge to the Plaintiff the Original Complaint, Summons, Copy of the Temporary Restraining Order, and/or Notice of Hearing on Preliminary Injunction.

☐ **DENIED**

Entered as an Order of Court this _____ day of _____, 20____.

**ENTER:**
_____
Justice  11/29/12

**BY ORDER:**
_____
Dep Clerk  11-29-12

**PRESENTED BY:**
Christopher Young
_____
Print Name of Plaintiff

_____
Signature of Plaintiff

Revised September 2011

_(margin, vertical text)_ 2012 NOV 29 P 4: 05 FILED M. KRICH JR. CLERK

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE, SC.                                    SUPERIOR COURT

CHRISTOPHER YOUNG            :
**Plaintiff**               :
                            :
VS.                         :        C.A. No.: PC-12-6165
                            :
                            :
BROWN UNIVERSITY,           :
THROUGH ITS PRESIDENT, CHRISTINA:
PAXSON AND FORMER PRESIDENT, :
RUTH SIMMONS                :
                            :
EDWARD WING                 :
                            :
MARISA QUINN                :
                            :
PAUL SHANLEY;               :
BROWN UNIVERSITY POLICE     :
OFFICERS, JOHN DOES         :
**Defendants**              :

### PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTORY STATEMENT

This is an action for damages sustained by a resident of the State of Rhode Island, against Brown University, and several of its Police Officers, who acting under the color of law unlawfully arrested, harassed, assaulted, battered, humiliated, and maliciously prosecuted the Plaintiff, Christopher Young. The Plaintiff also alleges common law claims under Rhode Island Law.

### JURISDICTION

2.      This action is brought for declaratory judgment and damages pursuant to 42 U.S.C. 1981, 1983, and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United

1

States, and that Brown University has State police arrest powers and the corresponding articles of the

constitution of Rhode Island and State of Rhode Island General Laws including but not limited to:

Article 1. Section 2 of the Rhode Island Constitution:

> Declaration of Certain Constitutional Rights and principles Section 2. Laws for good of
> whole -- Burdens to be equally distributed -- Due process -- Equal protection --
> Discrimination -- No right to abortion granted. -- All free governments are instituted for
> the protection, safety, and happiness of the people. All laws, therefore, should be made
> for the good of the whole; and the burdens of the state ought to be fairly distributed
> among its citizens. No person shall be deprived of life, liberty or property without due
> process of law, nor shall any person be denied equal protection of the laws. No otherwise
> qualified person shall, solely by reason of race, gender or handicap be subject to
> discrimination by the state, its agents or any person or entity doing business with the
> state. Nothing in this section shall be construed to grant or secure any right relating to
> abortion or the funding thereof.

Article 1. Section 21 of the Rhode Island Constitution:

> Section 21. Right to assembly -- Redress of grievances -- Freedom of speech. -- The
> citizens have a right in a peaceable manner to assembly for their common good, and to
> apply to those invested with the powers of government, for redress of grievances, or for
> other purposes, by petition, address, or remonstrance. No law abridging the freedom of
> speech shall be enacted

State of Rhode Island General Laws, TITLE 42 State Affairs and Government CHAPTER 42-112 The
Civil Rights Act of 1990 SECTION 42-112-1

> § 42-112-1 Discrimination prohibited. – (a) All persons within the state, regardless of
> race, color, religion, sex, disability, age, or country of ancestral origin, have, except as is
> otherwise provided or permitted by law, the same rights to make and enforce contracts, to
> inherit, purchase, to lease, sell, hold, and convey real and personal property, to sue, be
> parties, give evidence, and to the full and equal benefit of all laws and proceedings for the
> security of persons and property, and are subject to like punishment, pains, penalties,
> taxes, licenses, and exactions of every kind, and to no other.

State of Rhode Island General Laws, TITLE 42 State Affairs and Government CHAPTER 42-112 The
Civil Rights Act of 1990 SECTION 42-112-2

> § 42-112-2 Civil liability. – A person whose rights under the provision of § 42-
> 112-1 have been violated may commence a civil action for injunctive and other
> appropriate equitable relief, and for the award of compensatory and exemplary
> damages, within three (3) years after the occurrence of the alleged violation of
> this chapter. An aggrieved person who prevails in an action authorized by this
> section, in addition to other damages, is entitled to an award of the costs of the
> litigation and reasonable attorneys' fees in an amount to be fixed by the court.

3.   This is a civil action arising under the laws of the United States and this State, therefore this court has concurrent jurisdiction.

4.   This is an action authorized to redress the deprivation of Mr. Young's rights secured under the United States Constitution, and therefore this court has concurrent jurisdiction.

5.   The amount in controversy exceeds one hundred thousand dollars ($100,000.00), excluding interests and cost.

6.   Insofar as this cause of action contains claims arising under federal law, this court has jurisdiction over said claims under R.I.G.L. 8-2-13.

## VENUE

7.   The incidents complained of occurred in the County of Providence, State of Rhode Island so this is the judicial districts in which the claims arose, and therefore, venue is proper under R.I.G.L. 8-2-13.

## PARTIES

8.   The Plaintiff, Christopher Young, at all times relevant hereto, is a resident of Narragansett in the State of Rhode Island.

9.   Defendant, Brown University, is a university in the municipality of Providence in the State of Rhode Island entrusted by the people of Rhode Island and Providence and the City Council to legally administer the laws of Rhode Island pursuant to the Rhode Island Constitution, the Rhode Island General Laws, the United States Constitution and the Providence City Ordinances and is sued by and through its President, Christina Paxson.

10.   Defendant, Christina Paxson, is the President of Brown University and a resident of the State of Rhode Island and is sued in her official capacity as President of Brown University.

11.   Defendant, Ruth Simmons, is the former President of Brown University and a resident of the State of Rhode Island and is sued in her official capacity as former President of Brown University.

3

12.     Defendant, Marisa Quinn, is the Vice President for Public Affairs and Community Relations of

Brown University and a resident of the State of Rhode Island and is sued in her official capacity as an

employee of Brown University.

13.     Defendant, Edward Wing, is the Dean of Medicine and Biological Sciences of Brown University,

which encompasses, in part, the Warren Alpert Medical School of Brown University, the division of

biology and the division of public health and is a resident of the State of Rhode Island and is sued in his

official capacity as an employee of Brown University.

14.     Defendant, Paul Shanley, was at all times relevant hereto, a member of the Brown University

security office and a resident of the State of Rhode Island, and at all relevant times was acting under color

of law and exercises by statute the police powers of the state of Rhode Island and is employed by Brown

University. Defendant is entrusted by the State of Rhode Island and the people of Providence and the City

Council to legally administer the laws of Rhode Island pursuant to the Rhode Island Constitution, the

Rhode Island General Laws, the United States Constitution and the Providence City Ordinances.

15.     Defendants, John Does, was at all times relevant hereto, members of the Brown University

security office and a residents of the State of Rhode Island, and at all relevant times was acting under

color of law and employed by Brown University and whose identity will be revealed through discovery.

### FACTUAL ALLEGATIONS

16.     On or about November 30, 2009, Christopher Young resided in Narragansett, Rhode Island.

17.     The Brown University's health care forum was posted and widely advertised as "open to the

public." Young had copies of these advertisements. This was, therefore, an open public forum to which

Young was invited. The online advertisement for this event stated it was to occur on November 30, 2009,

at 211 Bowen Street, Andrews Hall. It was billed as part of the Levinger Lecture Series on Health Care

Reform, and even promoted the open forum as an opportunity for "robust" discussion of the subject

matter.

18.     Young went to the public forum at Brown University, as a candidate for Mayor of Providence, to

ask a religious question of Patrick Kennedy concerning Young's Catholic religion in relation to heathcare.

4

Young has also been vocal about the need for Brown University and to pay more property taxes or more money in lieu of taxes and has spoke public against Ruth Simmons and her role as a board member of Goldman Sachs. Mr. Kennedy was one of the two House of Representatives congressional delegates for the state of Rhode Island. Young, a Rhode Island resident, sought to ask Rhode Island's state representative a question and was invited, along with the rest of the public, by Brown University to the event and was allowed into the event by Brown University police.

19.     First, Brown University would not allow Young and Kara Russo, Young's cameraperson and girlfriend (now wife), to bring in their Pro-Life signs. Against their will, they did not bring them in. They videotaped the event to later broadcast it on public access television in the state of Rhode Island. Young was acting, in part, as a member of the press. Young was also an acknowledged candidate for public office, Mayor of Providence Rhode Island. Young received 26% of the vote for Mayor of Providence in the 2006 election. Indeed, the video shows that while Young and his videographer, Russo, were not permitted to bring signs into the open public forum, they themselves were freely admitted without qualification or restraint.

20.     Young believed Article 1, Section 21, of the Rhode Island Constitution is no less "robust" providing:( "Right to assembly -- Redress of grievances -- Freedom of speech. -- The citizens have a right in a peaceable manner to assembly for their common good, and to apply to those invested with the powers of government, for redress of grievances, or for other purposes, by petition, address, or remonstrance." and, emphatically: "No law abridging the freedom of speech shall be enacted.")

Young believed a state constitutional provision is a "statute" within the meaning of 28 U.S.C 1257 (2), and that the State Constitution gave Young the right to solicit signatures and campaign on Brown University's property. Young believed State constitutional provisions, as construed to permit individuals reasonably to exercise free speech and petition rights on the property of Brown University to which the public is invited, do not violate the University's property rights under the Fifth and Fourteenth Amendments or Brown University's free speech rights under the First and Fourteenth Amendments.

Young believed the requirement that Brown University permit Young to exercise state-protected rights of free expression and petition on Brown University property does not amount to an unconstitutional infringement of Brown University's property rights under the Taking Clause of the Fifth Amendment. The "right to exclude others" is not essential to the use or economic value of their property that the state-authorized limitation of it amounts to a "taking." And Brown University has not been denied property without due process of law.

Nor have Brown University's First Amendment rights been infringed. Brown University by choice is not limited to the personal use of Brown University places of public accommodation, and the views expressed by Young thus will not likely be identified with those of Brown University. Furthermore, no specific message is dictated by the State to be displayed on Brown University's property, and Brown University is free to publicly dissociate themselves from the views of Young.

Young believed that Federal Law provides in part that access to campaign and petition using free speech may not be denied on public or private property in any places of public accommodation under the Rhode Island constitution when Young is not being unreasonable, arbitrary, or capricious and the means selected have a real and substantial relation to the objective to be obtained. Young's asserted interest was in promoting freedom of speech, petition, and religious freedom, redress and other State and Federal Constitution rights cited herein.

21.    Brown University received and still receives Federal funding. Young believed Federal funding case law for universities and similar case law also supported candidates to be able to campaign on private property, and exercise the right to religious freedom and free speech. Young was an acknowledged candidate for Mayor of Providence and frequently petitioned for signatures to gain ballot access on private property in places of public accommodation, as do many candidates because of the need for thousands of signatures needed in a short period of time to gain ballot access, bringing into the issues suffrage and equal protection.

22.    Young was allowed to enter the event by the Brown University police, and Young had this on video. Young went to the information desk and asked if Young and Russo needed any information, and

6

the person from Brown University said that none of the information they were giving out was for Young. The person at the desk also gave no restrictions or rules. Young and Russo stood in the back with the rest of the television media and videotaped.

23. A member of the audience then came up and asked a question that Kennedy enjoyed answering because it favored him. That same member of the audience then came up again for a follow up question and then came up again, yet he was not touched by Brown University police or arrested. That audience member's questions and Patrick Kennedy's answers to his questions lasted longer than the entire time Young was allowed to speak.

24. The rules Brown University later told the media, after Young's arrest, that they set for questions and answers at the public forum seem only to apply to a person defending his Catholic beliefs. Young never received any rules, and in fact when Young came in to the forum Young stopped at the information desk and Young asked for any rules that they may have at the information table. The woman said there weren't any written documents for Young and gave Young no oral rules or restrictions or warnings. If such rules had been set (but they clearly were not,) the public did not vote on such rules and such rules do not fall under legislative immunity.

This was not a legislative government run public meeting but the federal requirements to free speech still apply since Brown University takes federal funding and it was a public forum to speak with Young's state congressional delegate on Young's Catholic beliefs as they relate to healthcare. Legislative immunity does not apply. This was a panel of one elected official and the remaining people were unelected people. The standards to be applied in determining whether a private speaker has been unconstitutionally excluded from use of a forum depend on the nature of the forum and this was an open public forum.

25. Kennedy stated his life position in a statement he made at the public forum before Young spoke. Kennedy talked about the rights of all people, and said that all people deserve health care because they are 'children of God.' "Isn't there something perverse when some people matter more than other people because they happen to have a different card in their wallet or happen to be perceived by the way they look to be more important in society?" Kennedy asked the audience. "In the final analysis, all of us are

7

children of God," he continued. "All of us have that spark of divinity. If any one of us is denied health care, it really is a threat to who we call ourselves as human beings."

His statements, coupled with his actions of voting in favor of funding abortion and his very pro-abortion public stance, clearly excluded babies in the womb. His statements clearly showed that he believes that babies in the womb are not considered to have the spark of divinity and are not part of all the people of this nation, since through his actions he voted to fund abortion, their murder, through the HR3962, and therefore Kennedy made the public forum not neutral.

It had also been well publicized nationally that the Bishop of Rhode Island, Bishop Tobin, and Kennedy were in dispute over Kennedy's funding of abortion while still taking communion. Bishop Tobin stated that one of the core beliefs of being Catholic is that we do not support abortion. This public forum was Kennedy's first since the dispute, and clearly was a non neutral public forum since Kennedy showed only one side of the life issue in the public forum by speaking of "Children of God" and that "All of us have the spark of Life." These statements exclude the baby in the womb because of Kennedy's voting record on the funding of abortion. This clearly shows this was a non neutral public forum and a violation of Young's free speech. Young has these comments Kennedy made at the forum on video.

26. Young does not support the use of Young's taxpayer dollars to go to the funding of abortion because it violates Young's religious beliefs as a Catholic and hinders his established religion. This public forum was the means for Young to address this violation of Young's religious freedom rights to Young's state congressional delegate. Young's civil rights are violated in that Young did not want Young's taxpayer dollars to go to the funding of abortion because it violates Young's religious freedom and the public means of addressing this issue to Young's congressional delegate, who could have taken action to protect Young's religious rights, was taken away.

27. Young went up to the microphone to ask Young's question based on his statements. Young identified himself as a recognized candidate for Mayor of Providence, a political position within Mr. Kennedy's voting district. Young was also a registered voter within the state of Rhode Island.

8

Young stated that 37% of the abortions in the United States are against African Americans when African Americans make up only 13% of the country's population, and that abortion is black genocide. Audience members were insulting Young and interrupting him with loud voices and they were not arrested. Young asked Mr. Kennedy, who Young has been in debates with in the past, if Young could give him a copy of a great documentary to support Young's statements, called Maafa 21: Black Genocide in 21st Century America. Maafa 21 is viewable on the YouTube website and it documents how Planned Parenthood was started and how eugenics evolved into abortion and black genocide. Pro-Life civil rights leader Alveda King, niece of Martin Luther King Jr., is featured in the Maafa 21 DVD.

Kennedy agreed that Young could toss it over to him because a velvet rope stanchion blocked Young from handing it to him. Kennedy, by nodding his head and holding his arms open to catch it, agreed for Young to toss it. It landed on the table and Kennedy picked it up to look at it. Kennedy even stated to the media that he did not feel threatened by Young's actions. Young has this on video tape.

28. Then Young went back to the microphone and continued with Young's question. Young stated "It is documented that I gave you the video. It is well documented that abortion is ethnic cleansing and population reduction." Brown University's Vice President of public affairs, Marisa Quinn, then came up to Young and said Young could wrap up Young's question. Young could not really hear her with members of the audience yelling at Young. None of the people who loudly shouted at and heckled Young in the audience were removed or arrested. Brown University targeted Young specifically. Once Young's Pro-Life stance was clear, Young was verbally yelled at and attacked.

29. Young received no notice of possible arrest. Brown University had arbitrary enforcement in relationship to due process since none of those attacking Young were arrested. The vagueness of enforcement brings a challenge under the Due Process Clause rest principally on lack of notice. Come to find out later, the Vice President of Public Affairs gave a time restriction, but Young did not hear this. But even with this time restriction, she did not warn Young that Young would be forcibly removed and arrested if Young did not comply. Young did not know Young would be forcibly removed. None of the hecklers were removed.

9

30.    Young then said, "Why would you mandate Catholics to support the funding of abortion when it goes against our religious beliefs? Why would you mandate doctors, who do not want to participate in abortion, not to have the ability... not to have the Conscientious objection (rights) not to participate in abortion.... It forces Catholics to fund abortions with a five year prison sentence. You make it a felony.". Young was continually interrupted as he spoke. Young was then touched by Brown University police and forcibly removed and arrested. The moderator, Brown University, and panel member Edward Wing of this event were clearly allowing Mr. Kennedy to speak and not Young. The intent of the moderator and Edward Wing were to stifle and intimidate Young and others from exercising their First Amendment rights to question or criticize Kennedy's performance in his official capacities and recent statements at the public forum. The intent was to chill free speech at public forums. The rule of order Brown later stated had only applied to Young and not to Mr. Kennedy because Mr. Kennedy was allowed to voice his position on life. It was to single out specifiable individuals and affect them differently from others. Young was kept from speaking, removed from the meeting and arrested because of the content of Young's message.

In addition, the forum was not viewpoint neutral.    The bedrock principle of viewpoint neutrality demands that the state not suppress speech where the real rationale for the restriction is disagreement with the underlying ideology or perspective that the speech expresses. A distinction is viewpoint based if it denies access to a speaker solely to suppress the point of view he espouses. The essence of viewpoint discrimination is not that the government, in this case Brown University because it is acting with federal funding and under the color of law, incidentally prevents certain viewpoints from being heard in the course of suppressing certain general topics of speech, rather it is a governmental, in this case Brown University because it is acting with federal funding and under the color of law, intent to intervene in a way that prefers one particular viewpoint in speech over other perspectives on the same topic.

The essence of viewpoint-based discrimination is the state's, in this case Brown University because it is acting with federal funding and under the color of law, decision to pick and choose among similarly situated speakers in order to advance or suppress a particular ideology or outlook.

31.     Young stated as Young was getting arrested, "you are violating my freedom of religion and speech rights.  It was a non neutral free speech and freedom of religion violation.

Public forum speakers cannot be excluded without a compelling governmental interest.  There was no compelling government interest in denying Young the ability to ask a question.  It is clearly not reasonable to arrest someone for asking a question or to suppress Young's expression because Young's speech opposes one of the speaker's views, even if Young's speech was a minority position in that room. Young was allowed to continue speaking after Young was allowed to give the DVD to Kennedy.  It was only after Young addressed issues of abortion that Young was removed.

Young did not agree to or vote that this was a limited public forum and it was not advertised in that way. Brown University or the defendants did not say only Kennedy's positions on abortion may be heard, but that is what they did.  This public form was not viewpoint neutral on life and abortion, just viewpoint Kennedy on life and abortion.

They discriminated against Young's speech on the basis of Young's viewpoint, and the restriction was not reasonable in light of the purpose served by a public forum to discuss healthcare.  The purpose of the public forum was to talk about healthcare.  Young was speaking on one of the amendments to the healthcare bill and the funding of abortion within that same bill in discussion.

The restriction must not discriminate against speech on the basis of viewpoint, and the restriction must be reasonable in light of the purpose served by the forum.

32.     Young was clearly an individual who has a direct stake in a healthcare plan that mandates Young to participate.  The mandate Young referred to includes a five year prison sentence if Young did not participate in the healthcare plan due to religious reasons.  Young stated this at the public hearing. Young was referring to the provision in the House health-care plan (HR 3962) that was made public at the time that made the IRS the enforcer of the health-care plan.  It would have also made refusing to carry

11

health-insurance or pay an increased tax of 2.5 percent tantamount to tax evasion, a felony offense. House Republicans pointed out that citizens could face a maximum $250,000 fine or a maximum five-year prison sentence for such violations. Young was citing the non-partisan Joint Committee on Taxation (JCT) letter released in 2009 stating, "H.R. 3962 provides that an individual (or a husband and wife in the case of a joint return) who does not, at any time during the taxable year, maintain acceptable health insurance coverage for himself or herself and each of his or her qualifying children is subject to an additional tax." [page 1] "If the government determines that the taxpayer's unpaid tax liability results from willful behavior, the following penalties could apply…" [page 2] "Criminal penalties Prosecution is authorized under the Code for a variety of offenses. Depending on the level of the noncompliance, the following penalties could apply to an individual: • Section 7203 – misdemeanor willful failure to pay is punishable by a fine of up to $25,000 and/or imprisonment of up to one year. • Section 7201 – felony willful evasion is punishable by a fine of up to $250,000 and/or imprisonment of up to five years." [page 3]

33. Young was orderly and specific to the topic of the forum, healthcare, as it related to Young's Catholic religious beliefs in the forced and mandated taxpayer funding of abortion. The person before Young had more time than Young for his question that favored Kennedy. This impermissibly restricted Young's speech.

34. Brown University campus security police arrested Young and hauled him away from the microphone at Brown University, but in so acting these officers were exercising police powers invested in them by the State of Rhode Island, which cast them in the role of "peace officers" entitled to arrest citizens for petty misdemeanors, upon reasonable cause to believe that said persons are committing same, pursuant to Sections 12-7-3 and 12-7-21(10), of state law. Accordingly, said arrest of the Young was subject to, and constrained by, federal and state constitutional restrictions and limitations.

35. As Young was being arrested Young continued to speak, now a little louder because the microphone that had previously amplified Young's voice was removed from Young. Young stated, "It is clearly not a public forum if you are not allowed to ask a question or if you are not allowed to speak and

12

you are removed by police force. ...This is not a free country anymore... You are forcing people to support a bill that goes against the religious beliefs of the people of this country.... You are violating my religious rights. I do not support the funding of abortion. I do not support you taking my taxpayer dollars to the funding of abortion....It goes against my religious beliefs for you to fund the murder of babies." Young's speech was not irrelevant or repetitious to the topic of healthcare funding as it relates to abortion. It is certainly in the public interest for a candidate for political office, Mayor of Providence, to ask a question.

It is important to note that Brown University's moderator and Edward Wing allowed Kennedy to speak his point of view and did not allow Young's opposing point of view.

36.    As the Brown University police were moving Young backward, Young cooperated. Young did not resist and no resisting arrest charges were filed. Young and Brown University police were 50% to the door and Young cooperated in moving backward. Young clearly did not want to stay there all day. This shows Young was cooperating and Young was leaving. Only until Young felt Young was falling backwards did Young try to keep from falling by moving forward for Young's own safety.

It became clear later that the Brown University police at points were trying to pull Young backward to the ground. They were pulling Young's shirt so that Young would fall on Young's back as we got closer to the door. Then Brown University police pulled Young's legs out from under Young. In the police report they state that Young sat down, but on the video that Young have you can clearly see the Brown University police pull Young's legs out from under Young. The Brown University police attempted to step on Young's back but members of the Providence police who support Young as a candidate for Mayor of Providence told them, "don't you dare step on my his back."

37.    Kennedy stated to the media at the end of the forum, "by now people should know my position (on abortion.)"

38.    No further questions on abortion were taken after Young's arrest. It is to be noted that Young was acting, in part, as a member of the press and personally videotaping. Young was simply asking a question that was videotaped by Kara Russo to air on pro-life programming that Young helped produce. The

13

question and answer was to be put on cable television's public access to reach the entire state. Young

was acting as a member of the press. Other members of the press were allowed to video tape and their

message and coverage has reached a national audience to embarrass and humiliate Young by showing

Young's stomach uncovered by Brown security as they falsely arrested Young.

39. When Young was arrested, Young's camera person was also evicted; this eviction was viewpoint

based. "A distinction is viewpoint based if it 'denies access to a speaker solely to suppress the point of

view he espouses.'"

The rule of order did not apply equally to all members of the public, regardless of their viewpoint.

40. Young was charged with committing disorderly conduct by assembling to cause, provoke or

engage in a fight or riotous conduct – a proscription that is alien to anything that happened in this case.

Criminal charges that were predicated, as here, on communicative acts alone cannot be applied to

protected political and religious speech, as protected by the first and fourteenth amendments, even if that

speech is vulgar or offensive.

41. The charges were dismissed by the Providence police department.

Young submitted a video depiction of the events in question, which demonstrated – beyond peradventure

– that his actions on November 30th amounted to pure speech, mere words in addition to stepping

forward in a non-threatening manner to toss a video – itself a communicative act – and that said words

were in the nature of advocacy and questioning, without even the slightest element of physical threat or

violence, either explicit or implicit. These were not "fighting words" – as defined in subsection (c) of

Section 16-3 of the Code of Ordinances as "offensive language or words which by their very utterance

inflict injury or are likely to provoke a violent reaction on the part of the average person so addressed."

On the contrary, Young's words – as memorialized in the audio of the videotape – were neither

personally insulting nor offensive. Rather, they took issue with Congressman Kennedy's positions on

proposed health care legislation.

42.     On Christmas Eve, Brown University sent Young a no trespass letter restricting Young from

about 300 pieces of Brown University property by their department of public safety including property

owned and or leased by Brown University that are places of public accommodation in Providence.

43.     Their was nation media coverage on this event showing Young's stomach as he was being false

arrested in newspapers and television around the country.  Young went from 26% of the vote in the 2006

election for Mayor of Providence to 1.6% in 2010 after this false arrest.

44.     The former attorney general of Rhode Island, Arlene Violet, has stated in an article she wrote for

the Valley Breeze newspaper that Brown University violated Young's First amendment freedom of speech

and freedom of religion rights.

The following is the article by former Rhode Island State Attorney General Arlene Violet written in

Young's defense.

### BROWN UNIVERSITY OVERREACTS POLI-TICKS
### BY ARLENE VIOLET

At a health care forum on November 30 Representative Patrick Kennedy to his credit told
the Providence Journal that he did not feel threatened when Christopher Young, a
perennial candidate, challenged the use of money to subsidize abortions in the health care
legislation pending in Congress. Would that the Pooh-Bahs at Brown University, the host
of the forum, felt the same way. The University's response to Mr. Young's comments
that evening was
a total over-reaction.

Mr. Young, a staunch pro-life advocate, had every right to bring to the discussion his
angst about taxpayer's money being used for abortions. To believers like him,  he and
the pro-life folks feel forced to support the murder of babies. He had with him a DVD
which was a presentation which asserted that abortions disproportionately occur among
minorities which is tantamount to eugenics. Mr. Young asked Mr. Kennedy if he wanted
to view it. The Congressman said "yes". Young approached the stage and tossed the
DVD in front of the Congressman who retrieved it and thanked the profferor.

When Mr. Young returned to the microphone to finish his question (albeit a long one to
be sure) he was told by the Vice President of Public Affairs that he had 15 seconds to
wrap it up. Apparently, he didn't meet the time frame and officers approached Young,
dragged him out and put him on the floor as he was handcuffed. Off to the hoosegow he
went. En route he shouted that Mr. Kennedy was not a Catholic if he would force
Catholics into funding abortions, a sentiment strikingly in sync with that of the Bishop of
this diocese, who, no doubt, would have used a softer tone.

15

Now, it would be easy to dismiss this incident, particularly if the reader is pro-choice or an admirer of all things Brown. What is the heart of the matter, however, is that Mr. Young was voicing an opinion which probably was a minority view on the liberal campus. The fact that he used a raised voice (he defends his shouting by saying he pumped up his tone as he was dragged away from the microphone) is beside the point. Abortion is an emotional issue.

While civil discourse is always preferable to yelling, nonetheless, seasoned politicians like Kennedy realize that the public has to shout sometimes to be heard. Witness the earlier town meetings on the health care reform held throughout the State where shouting seemed to pockmark the proceedings more often than not.

So, now, Mr. Young who has also been vocal about the need for Brown University and other public bodies to cough up either taxes or more money in lieu of taxes must meet a municipal court judge on December 30. In a free society somebody who voices an unpopular view in a strident voice at a public forum where audience participation is encouraged shouldn't be dragged into court. No warning was given to this Speaker of such a dire consequence. He was merely told that he had 15 seconds, an admonition most people don't take literally as opposed to shorten your remarks. Ironically, an audience member right before him went up to the microphone twice with rather longwinded rhetoric with impunity. Moderators handle this eventuality often by gently coaxing the participant to ask the question succinctly. Warnings as to the "rules" governing the discourse are announced before the open session of questioning. Neither approach was unequivocally used here.

Brown University needs to make amends. It should drop the charges. As a bastion to the First Amendment it puts itself in the untenable position of pushing a prosecution which is the antithesis of the First Amendment freedom of speech and freedom of religion. It's far better to encourage speech and unpopular views than to punish the speaker. Dare I say it? This prosecution of Young seems downright un-American. If the University doesn't come to its senses then the judge should toss the charges out. I would suggest that the statute was "void for being vague and indefinite," and the disorderly conduct statute is unconstitutional on over breadth grounds.

## COUNT I

## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. 1983

45.    Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

46.    That on or about November 30, 2009, Brown University through its President Christina Paxson and former President Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley and John Does discriminated against Mr. Young on the basis of religion and interfered with Mr. Young's free speech and freedom of religion rights. They discriminated against Mr. Young's Catholic religion and Mr. Young's Catholic viewpoint. They also created viewpoint discrimination. Brown University cannot discriminate

on the basis of religion, because they receive federal funding. They are trying to chill Mr. Young from speaking at public forums and places of public accommodation of the university.

47.     Said use of excessive force and viewpoint discrimination deprived Mr. Young of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Mr. Young under the Fourth Amendment to the United States Constitution. Further, said excessive force and free speech violation and religious freedom violation also violated in part the corresponding articles of the Constitution of Rhode Island and State of Rhode Island General Laws including but not limited to:

Article 1. Section 2 of the Rhode Island Constitution:

> Declaration of Certain Constitutional Rights and principles Section 2. Laws for good of whole -- Burdens to be equally distributed -- Due process -- Equal protection -- Discrimination -- No right to abortion granted. -- All free governments are instituted for the protection, safety, and happiness of the people. All laws, therefore, should be made for the good of the whole; and the burdens of the state ought to be fairly distributed among its citizens. No person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws. No otherwise qualified person shall, solely by reason of race, gender or handicap be subject to discrimination by the state, its agents or any person or entity doing business with the state. Nothing in this section shall be construed to grant or secure any right relating to abortion or the funding thereof.

Article 1. Section 21 of the Rhode Island Constitution:

> Section 21. Right to assembly -- Redress of grievances -- Freedom of speech. -- The citizens have a right in a peaceable manner to assembly for their common good, and to apply to those invested with the powers of government, for redress of grievances, or for other purposes, by petition, address, or remonstrance. No law abridging the freedom of speech shall be enacted

State of Rhode Island General Laws, TITLE 42 State Affairs and Government CHAPTER 42-112 The Civil Rights Act of 1990 SECTION 42-112-1

> § 42-112-1 Discrimination prohibited. – (a) All persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have, except as is otherwise provided or permitted by law, the same rights to make and enforce contracts, to inherit, purchase, to lease, sell, hold, and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and are subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

48.     As a result of the unwarranted use of excessive force, resulting from Mr. Young's free speech violation and freedom of religion violation, Mr. Young suffered grievous injuries including a back injury and psychological injuries including but not limited to mental anguish, disrepute in the public square, embarrassment and humiliation.

49.     By reason of the above, Mr. Young suffered grievous bodily injuries, mental anguish, and was deprived of his constitutional right all to his damage.

## COUNT II

### CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. 1983

50.     Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

51.     Defendants Paul Shanley and John Does, are members of the Brown University Police and exercise by statute the police powers of the state of Rhode Island. On or about November 30, 2009, Brown University Officers Paul Shanley and John Does assaulted Mr. Young without justification or cause and interfered with Mr. Young's rights, therefore.

52.     Said use of excessive force deprived Mr. Young of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Mr. Young under the Fourth Amendment to the United States Constitution.

53.     As a result of the unwarranted use of excessive force, Mr. Young suffered grievous injuries including back trauma and psychological injuries including but not limited to mental anguish.

54.     By reason of the above, Mr. Young suffered grievous bodily injuries, mental anguish, and was deprived of his constitutional right all to his damage.

## COUNT III

### ASSAULT AND BATTERY

55.     Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

56.   Mr. Young was in reasonable fear of imminent bodily harm.

57.   Defendant Paul Shanley administered orders to arrest Mr. Young causing several officers to push Mr. Young's body, pull Mr. Young's legs out from underneath Mr. Young, causing Mr. Young to fall on his lower back and later to kneel on Mr. Young's back.

58.   That as a result of this assault, Mr. Young suffered a re-injury to his lower back.

59.   That Officer Paul Shanley's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Young.

60.   That as a direct and proximate cause of Officer Shanley's acts, Mr. Young suffered great physical injury, fear, and mental anguish.

## COUNT IV

## MALICIOUS PROSECUTION

61.   Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

62.   Defendants Brown University, Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley and John Does initiated a criminal proceeding against Mr. Young in the Providence Municipal Court, case number 2009-00128731.

63.   Said criminal complaint was filed on Decemberber 8, 2009.

64.   The Defendants did not have probable cause to initiate said proceedings.

65.   The Defendants initiated the proceedings maliciously based on Mr. Young's Catholic viewpoint.

66.   Said criminal complaint was dismissed by the Providence police department.

67.   As a direct and proximate cause of the Defendants malicious prosecution, Mr. Young suffered damages.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.   Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

69.     Defendant Brown University and Paul Shanley's actions of causing Mr. Young false arrest were

done intentionally.

70.     Defendant Paul Shanley's conduct was extreme and outrageous.

71.     That as a direct and proximate result of Officer Shanley's conduct, Mr. Young suffered extreme

emotional distress and disrepute and embarrassment in the public square.

## COUNT XI

### FALSE IMPRISONMENT

72.     Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten

herein.

73.     That following the assault authorized by Officer Shanley and John Does, Mr. Young was

unlawfully detained by the Providence Police Department, whose officers were at all times acting under

the color of law.

74.     That Mr. Young's arrest was made without legal process.

75.     That as a direct and proximate result of the Defendants false imprisonment, Mr. Young suffered

damages.

## COUNT XII

### FALSE IMPRISONMENT

76.     Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten

herein.

77.     That Mr. Young was unlawfully detained by Brown University Officers Paul Shanley and John

Does, who were at all times acting under the color of law.

78.     Mr. Young's arrest and detention was made without legal process.

79.     That as a direct and proximate result of the Defendant's false imprisonment, Mr. Young suffered

damages.

## COUNT XIII

## ASSAULT AND BATTERY

80. Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

81. Defendant Brown University's Deputy Chief of Police Paul Shanley's ordering Mr. Young arrest by several police offices and restraining Mr. Young was threatening in nature.

82. Mr. Young was in reasonable fear of imminent bodily harm.

83. That Officer Shanley's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Young.

84. That as a direct and proximate cause of Officer Shanley's acts, Mr. Young suffered great physical injury, fear and mental anguish.

## COUNT XIII

## ASSAULT AND BATTERY

85. Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

86. Defendant John Does's physical act of chasing after and restraining Mr. Young was threatening in nature.

87. Mr. Young was in reasonable fear of imminent bodily harm.

88. That Officer Does's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Young.

89. That as a direct and proximate cause of Officer Does's acts, Mr. Young suffered great physical injury, fear and mental anguish.

## COUNT X

## RESTRAINING ORDER

90. Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

91.    Defendant Brown University through its President Christina Paxson and former President Ruth

Simmons is enforcing the policy that Mr. Young can't be on university property owned or leased

for public accommodations. Brown University owns and leases over 300 pieces of property

throughout the city of Providence and State of Rhode Island and other locations found through

discovery. This act of allowing a restraining order to remain in place against Mr. Young is threatening

in nature.

92.    Mr. Young is in reasonable fear of imminent bodily harm. Their restraining order is a violation of

Mr. Young's first amendment rights as secured by the State and Federal Constitutions. Mr. Young seeks

this court to restrain Brown University from restricting Mr. Young from attending public forums

and being in places of public accommodation. They are trying to chill Mr. Young's free speech

and freedom of religion as a citizen of the United States and political candidate.

93.    Mr. Young seeks the removal of said restraining order by this court.

94.    That as a direct and proximate cause of Brown University through its President Christina Paxson and

former President Ruth Simmons acts, Mr. Young suffered great physical injury, political loss, fear and

mental anguish.


       **WHEREFORE**, Plaintiff, Christopher Young, requests that this court enter judgment as follows:

       1.    Declaring as unconstitutional the arrest, seizure, beating and prosecution of the Plaintiff,

Further, Plaintiff, Christopher Young, demands the following relief jointly and severally against the

Defendants, Brown University, Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul

Shanley and John Does Officers:

              a.    Compensatory damages in the amount of $2,000,000.00;

              b.    Punitive damages in the amount of $5,000,000.00;

              c.    Attorneys fees pursuant to 42 U.S.C. 1988;

              d.    Such other and further relief as this Court may deem just and appropriate.

22

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully Submitted,
Christopher Young,
Pro-Se,

11/29/2012

Christopher Young
4 Angell Road
Narragansett, RI 02882
Tel. 401-477-6178

## VERIFICATION OF COMPLAINT

I have read each of the allegations set forth in the complaint herein and attest and verify the truth of each allegation.  Signed and sworn under pains and penalties of perjury this _11_ day of _29_ , 2012.

Christopher Young

23