STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

FILED CA12-937

2012 JAN 16 P 1:37

Case ID: PC-2012-6165      CHRISTOPHER YOUNG V BROWN UNIVERSITY

Filing Date: 11-30-2012                           Case Type: OTHER CIVIL ACTION
Case Status: CLOSED DURING DISCOVERY              Status Date: 12-21-2012

Plaintiff: CHRISTOPHER YOUNG              Attorney: CHRISTOPHER YOUNG
ID: @11547598

Defendant: BROWN UNIVERSITY
ID: @11547599
Defendant: EDWARD WING
ID: @11547600
Defendant: MARISA QUINN
ID: @11547601
Defendant: PAUL SHANLEY
ID: @11547602
Defendant: BROWN UNIVERSITY POLICE OFFICERS
ID: @11547603

---

### Scheduled Events

| Date | Event | Location | Judge |
|------|-------|----------|-------|

### Prior Events

| Date | Event | Location | Judge |
|------|-------|----------|-------|

### Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|-------------|----------|--------|---------------|

---

### Docket Entry Information

| Date | Description | Text |
|------|-------------|------|
| 11-30-2012 | COMPLAINT FILED | |
| 11-30-2012 | INITIAL FILING FEE | |
| 11-30-2012 | Payment Applied | A Payment of -$160.00 was made on receipt SCP391493. |
| 11-30-2012 | AFFIDAVIT FILED | OF INDIGENCY |
| 11-30-2012 | MOT PROCEED IN FORMA PAUPERIS | Affiliated: YOUNG, CHRISTOPHER |
| 11-30-2012 | ORD MOT PRCD IN FORMA PAUPERI | CARNES, J.; AS TO FILING & SERVICE FEES, MOTION IS GRANTED - AS TO REQUEST TO SEAL MOTION TO PROCEED AND AFF IN SUPPORT OF THE MOTION PLACED ON THE RECORD, PLTFS MTN IS DENIED |
| 12-21-2012 | NOTICE OF REMOVAL | TO US DISTRICT COURT Affiliated: BROWN UNIVERSITY |
| 12-21-2012 | CASE REMVD TO US DISTRICT CT | CA12-937ML |
| 12-21-2012 | OTH DOC FILED DURING DISCOV | NOTICE OF REMOVAL |
| 12-31-2012 | SUMMONS,PROOF OF SERVICE FILED | UPON DEFT EDWARD WING, ACCEPTED BY GENERAL COUNSEL |
| 12-31-2012 | SUMMONS,PROOF OF SERVICE FILED | UPON DEFT MARISSA QUINN, ACCEPTED BY GENERAL COUNSEL |

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PC-2012-6165         CHRISTOPHER YOUNG V BROWN UNIVERSITY

| | | |
|---|---|---|
| 12-31-2012 | SUMMONS,PROOF OF SERVICE FILED | UPON DEFT PAUL SHANLEY, ACCEPTED BY GENERAL COUNSEL |
| 12-31-2012 | SUMMONS,PROOF OF SERVICE FILED | UPON DEFT RUTH SIMMONS, ACCEPTED BY GENERAL COUNSEL |
| 12-31-2012 | SUMMONS,PROOF OF SERVICE FILED | UPON DEFT CHRISTINA PAXSON, ACCEPTED BY GENERAL COUNSEL |

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE, SC.                                    SUPERIOR COURT

| | | |
|---|---|---|
| **CHRISTOPHER YOUNG** | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | **C.A. No.:** PC-12-6165 |
| | : | |
| | : | |
| **BROWN UNIVERSITY,** | : | |
| **THROUGH ITS PRESIDENT,  CHRISTINA** | : | |
| **PAXSON AND FORMER PRESIDENT,** | : | |
| **RUTH SIMMONS** | : | |
| | : | |
| **EDWARD WING** | : | |
| | : | |
| **MARISA QUINN** | : | |
| | : | |
| **PAUL SHANLEY;** | : | |
| **BROWN UNIVERSITY POLICE** | : | |
| **OFFICERS, JOHN DOES** | : | |
| **Defendants** | : | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTORY STATEMENT

This is an action for damages sustained by a resident of the State of Rhode Island, against Brown University, and several of its Police Officers, who acting under the color of law unlawfully arrested, harassed, assaulted, battered, humiliated, and maliciously prosecuted the Plaintiff, Christopher Young. The Plaintiff also alleges common law claims under Rhode Island Law.

### JURISDICTION

True Copy Attest

Office of Clerk of Superior Court
Counties 2 Providence & Bristol
Providence, Rhode Island

2.    This action is brought for declaratory judgment and damages pursuant to 42 U.S.C. 1981, 1983, and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United

1

States, and that Brown University has State police arrest powers and the corresponding articles of the

constitution of Rhode Island and State of Rhode Island General Laws including but not limited to:

Article 1. Section 2 of the Rhode Island Constitution:

Declaration of Certain Constitutional Rights and principles Section 2. Laws for good of
whole -- Burdens to be equally distributed -- Due process -- Equal protection --
Discrimination -- No right to abortion granted. -- All free governments are instituted for
the protection, safety, and happiness of the people. All laws, therefore, should be made
for the good of the whole; and the burdens of the state ought to be fairly distributed
among its citizens. No person shall be deprived of life, liberty or property without due
process of law, nor shall any person be denied equal protection of the laws. No otherwise
qualified person shall, solely by reason of race, gender or handicap be subject to
discrimination by the state, its agents or any person or entity doing business with the
state. Nothing in this section shall be construed to grant or secure any right relating to
abortion or the funding thereof.

Article 1. Section 21 of the Rhode Island Constitution:

Section 21. Right to assembly -- Redress of grievances -- Freedom of speech. -- The
citizens have a right in a peaceable manner to assembly for their common good, and to
apply to those invested with the powers of government, for redress of grievances, or for
other purposes, by petition, address, or remonstrance. No law abridging the freedom of
speech shall be enacted

State of Rhode Island General Laws, TITLE 42 State Affairs and Government CHAPTER 42-112 The
Civil Rights Act of 1990 SECTION 42-112-1

§ 42-112-1 Discrimination prohibited. -- (a) All persons within the state, regardless of
race, color, religion, sex, disability, age, or country of ancestral origin, have, except as is
otherwise provided or permitted by law, the same rights to make and enforce contracts, to
inherit, purchase, to lease, sell, hold, and convey real and personal property, to sue, be
parties, give evidence, and to the full and equal benefit of all laws and proceedings for the
security of persons and property, and are subject to like punishment, pains, penalties,
taxes, licenses, and exactions of every kind, and to no other.

State of Rhode Island General Laws, TITLE 42 State Affairs and Government CHAPTER 42-112 The
Civil Rights Act of 1990 SECTION 42-112-2

§ 42-112-2 Civil liability. -- A person whose rights under the provision of § 42-
112-1 have been violated may commence a civil action for injunctive or other
appropriate equitable relief, and for the award of compensatory and exemplary
damages, within three (3) years after the occurrence of the alleged violation of
this chapter. An aggrieved person who prevails in an action authorized by this
section, in addition to other damages, is entitled to an award of the costs of the
litigation and reasonable attorneys' fees in an amount to be fixed by the court.

Office of the Superior Court
Counties of the Providence & Bristol
Providence, Rhode Island

2

3.   This is a civil action arising under the laws of the United States and this State, therefore this court has concurrent jurisdiction.

4.   This is an action authorized to redress the deprivation of Mr. Young's rights secured under the United States Constitution, and therefore this court has concurrent jurisdiction.

5.   The amount in controversy exceeds one hundred thousand dollars ($100,000.00), excluding interests and cost.

6.   Insofar as this cause of action contains claims arising under federal law, this court has jurisdiction over said claims under R.I.G.L. 8-2-13.

## VENUE

7.   The incidents complained of occurred in the County of Providence, State of Rhode Island so this is the judicial districts in which the claims arose, and therefore, venue is proper under R.I.G.L. 8-2-13.

## PARTIES

8.   The Plaintiff, Christopher Young, at all times relevant hereto, is a resident of Narragansett in the State of Rhode Island.

9.   Defendant, Brown University, is a university in the municipality of Providence in the State of Rhode Island entrusted by the people of Rhode Island and Providence and the City Council to legally administer the laws of Rhode Island pursuant to the Rhode Island Constitution, the Rhode Island General Laws, the United States Constitution and the Providence City Ordinances and is sued by and through its President, Christina Paxson.

10.   Defendant, Christina Paxson, is the President of Brown University and a resident of the State of Rhode Island and is sued in her official capacity as President of Brown University.

11.   Defendant, Ruth Simmons, is the former President of Brown University and a resident of the State of Rhode Island and is sued in her official capacity as former President of Brown University.

True Copy Attest

*[signature]*

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

3

12.     Defendant, Marisa Quinn, is the Vice President for Public Affairs and Community Relations of Brown University and a resident of the State of Rhode Island and is sued in her official capacity as an employee of Brown University.

13.     Defendant, Edward Wing, is the Dean of Medicine and Biological Sciences of Brown University, which encompasses, in part, the Warren Alpert Medical School of Brown University, the division of biology and the division of public health and is a resident of the State of Rhode Island and is sued in his official capacity as an employee of Brown University.

14.     Defendant, Paul Shanley, was at all times relevant hereto, a member of the Brown University security office and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and exercises by statute the police powers of the state of Rhode Island and is employed by Brown University. Defendant is entrusted by the State of Rhode Island and the people of Providence and the City Council to legally administer the laws of Rhode Island pursuant to the Rhode Island Constitution, the Rhode Island General Laws, the United States Constitution and the Providence City Ordinances.

15.     Defendants, John Does, was at all times relevant hereto, members of the Brown University security office and a residents of the State of Rhode Island, and at all relevant times was acting under color of law and employed by Brown University and whose identity will be revealed through discovery.

## FACTUAL ALLEGATIONS

16.     On or about November 30, 2009, Christopher Young resided in Narragansett, Rhode Island.

17.     The Brown University's health care forum was posted and widely advertised as "open to the public." Young had copies of these advertisements. This was, therefore, an open public forum to which Young was invited. The online advertisement for this event stated it was to occur on November 30, 2009, at 211 Bowen Street, Andrews Hall. It was billed as part of the Levinger Lecture Series on Health Care Reform, and even promoted the open forum as an opportunity for "robust" discussion of the subject matter.

18.     Young went to the public forum at Brown University, as a candidate for Mayor of Providence, to ask a religious question of Patrick Kennedy concerning Young's Catholic religion in reference to Barack

True Copy Attest

_[signature]_

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4

Young has also been vocal about the need for Brown University and to pay more property taxes or more money in lieu of taxes and has spoke public against Ruth Simmons and her role as a board member of Goldman Sachs.  Mr. Kennedy was one of the two House of Representatives congressional delegates for the state of Rhode Island.  Young, a Rhode Island resident, sought to ask Rhode Island's state representative a question and was invited, along with the rest of the public, by Brown University to the event and was allowed into the event by Brown University police.

19.    First, Brown University would not allow Young and Kara Russo, Young's cameraperson and girlfriend (now wife), to bring in their Pro-Life signs.  Against their will, they did not bring them in.  They videotaped the event to later broadcast it on public access television in the state of Rhode Island.  Young was acting, in part, as a member of the press.  Young was also an acknowledged candidate for public office, Mayor of Providence Rhode Island. Young received 26% of the vote for Mayor of Providence in the 2006 election.  Indeed, the video shows that while Young and his videographer, Russo, were not permitted to bring signs into the open public forum, they themselves were freely admitted without qualification or restraint.

20.    Young believed Article 1, Section 21, of the Rhode Island Constitution is no less "robust" providing:( "Right to assembly -- Redress of grievances -- Freedom of speech. -- The citizens have a right in a peaceable manner to assembly for their common good; and to apply to those invested with the powers of government, for redress of grievances, or for other purposes, by petition, address, or remonstrance." and, emphatically:  "No law abridging the freedom of speech shall be enacted.")

Young believed a state constitutional provision is a "statute" within the meaning of 28 U.S.C 1257 (2), and that the State Constitution gave Young the right to solicit signatures and campaign on Brown University's property.  Young believed State constitutional provisions, as construed to permit individuals reasonably to exercise free speech and petition rights on the property of Brown University to which the public is invited, do not violate the University's property rights under the Fifth and Fourteenth Amendments or Brown University's free speech rights under the First and Fourteenth Amendments.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

5

Young believed the requirement that Brown University permit Young to exercise state-protected rights of free expression and petition on Brown University property does not amount to an unconstitutional infringement of Brown University's property rights under the Taking Clause of the Fifth Amendment. The "right to exclude others" is not essential to the use or economic value of their property that the state-authorized limitation of it amounts to a "taking." And Brown University has not been denied property without due process of law.

Nor have Brown University's First Amendment rights been infringed. Brown University by choice is not limited to the personal use of Brown University places of public accommodation, and the views expressed by Young thus will not likely be identified with those of Brown University. Furthermore, no specific message is dictated by the State to be displayed on Brown University's property, and Brown University is free to publicly dissociate themselves from the views of Young.

Young believed that Federal Law provides in part that access to campaign and petition using free speech may not be denied on public or private property in any places of public accommodation under the Rhode Island constitution when Young is not being unreasonable, arbitrary, or capricious and the means selected have a real and substantial relation to the objective to be obtained. Young's asserted interest was in promoting freedom of speech, petition, and religious freedom, redress and other State and Federal Constitution rights cited herein.

21.    Brown University received and still receives Federal funding. Young believed Federal funding case law for universities and similar case law also supported candidates to be able to campaign on private property, and exercise the right to religious freedom and free speech. Young was an acknowledged candidate for Mayor of Providence and frequently petitioned for signatures to gain ballot access on private property in places of public accommodation, as do many candidates because of the need for thousands of signatures needed in a short period of time to gain ballot access bringing into the issues suffrage and equal protection.

22.    Young was allowed to enter the event by the Brown University police, and Young had the event video. Young went to the information desk and asked if Young and Russo needed any information and

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol

6

the person from Brown University said that none of the information they were giving out was for Young. The person at the desk also gave no restrictions or rules. Young and Russo stood in the back with the rest of the television media and videotaped.

23. A member of the audience then came up and asked a question that Kennedy enjoyed answering because it favored him. That same member of the audience then came up again for a follow up question and then came up again, yet he was not touched by Brown University police or arrested. That audience member's questions and Patrick Kennedy's answers to his questions lasted longer than the entire time Young was allowed to speak.

24. The rules Brown University later told the media, after Young's arrest, that they set for questions and answers at the public forum seem only to apply to a person defending his Catholic beliefs. Young never received any rules, and in fact when Young came in to the forum. Young stopped at the information desk and Young asked for any rules that they may have at the information table. The woman said there weren't any written documents for Young and gave Young no oral rules or restrictions or warnings. If such rules had been set (but they clearly were not,) the public did not vote on such rules and such rules do not fall under legislative immunity.

This was not a legislative government run public meeting but the federal requirements to free speech still apply since Brown University takes federal funding and it was a public forum to speak with Young's state congressional delegate on Young's Catholic beliefs as they relate to healthcare. Legislative immunity does not apply. This was a panel of one elected official and the remaining people were unelected people. The standards to be applied in determining whether a private speaker has been unconstitutionally excluded from use of a forum depend on the nature of the forum and this was an open public forum.

25. Kennedy stated his life position in a statement he made at the public forum before Young spoke. Kennedy talked about the rights of all people, and said that all people deserve health care because they are 'children of God.' "Isn't there something perverse when some people matter more than other people because they happen to have a different card in their wallet or happen to be perceived by the way they look to be more important in society?" Kennedy asked the audience. "In the final analysis, all of us are

True Copy Attest

*[signature]*

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

children of God," he continued. "All of us have that spark of divinity. If any one of us is denied health care, it really is a threat to who we call ourselves as human beings."

His statements, coupled with his actions of voting in favor of funding abortion and his very pro-abortion public stance, clearly excluded babies in the womb. His statements clearly showed that he believes that babies in the womb are not considered to have the spark of divinity and are not part of all the people of this nation, since through his actions he voted to fund abortion, their murder, through the HR3962, and therefore Kennedy made the public forum not neutral.

It had also been well publicized nationally that the Bishop of Rhode Island, Bishop Tobin, and Kennedy were in dispute over Kennedy's funding of abortion while still taking communion. Bishop Tobin stated that one of the core beliefs of being Catholic is that we do not support abortion. This public forum was Kennedy's first since the dispute, and clearly was a non neutral public forum since Kennedy showed only one side of the life issue in the public forum by speaking of "Children of God" and that "All of us have the spark of Life." These statements exclude the baby in the womb because of Kennedy's voting record on the funding of abortion. This clearly shows this was a non neutral public forum and a violation of Young's free speech. Young has these comments Kennedy made at the forum on video.

26.    Young does not support the use of Young's taxpayer dollars to go to the funding of abortion because it violates Young's religious beliefs as a Catholic and hinders his established religion. This public forum was the means for Young to address this violation of Young's religious freedom rights to Young's state congressional delegate. Young's civil rights are violated in that Young did not want Young's taxpayer dollars to go to the funding of abortion because it violates Young's religious freedom and the public means of addressing this issue to Young's congressional delegate, who could have taken action to protect Young's religious rights, was taken away.

27.    Young went up to the microphone to ask Young's question based on his statements. Young identified himself as a recognized candidate for Mayor of Providence, a political position within Mr. Kennedy's voting district. Young was also a registered voter within the district of Rhode Island

True Copy Attest

Office of the Clerk of the Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Young stated that 37% of the abortions in the United States are against African Americans when African Americans make up only 13% of the country's population, and that abortion is black genocide. Audience members were insulting Young and interrupting him with loud voices and they were not arrested.

Young asked Mr. Kennedy, who Young has been in debates with in the past, if Young could give him a copy of a great documentary to support Young's statements, called Maafa 21: Black Genocide in 21st Century America. Maafa 21 is viewable on the YouTube website and it documents how Planned Parenthood was started and how eugenics evolved into abortion and black genocide. Pro-Life civil rights leader Alveda King, niece of Martin Luther King Jr., is featured in the Maafa 21 DVD.

Kennedy agreed that Young could toss it over to him because a velvet rope stanchion blocked Young from handing it to him. Kennedy, by nodding his head and holding his arms open to catch it, agreed for Young to toss it. It landed on the table and Kennedy picked it up to look at it. Kennedy even stated to the media that he did not feel threatened by Young's actions. Young has this on video tape.

28.     Then Young went back to the microphone and continued with Young's question. Young stated "It is documented that I gave you the video. It is well documented that abortion is ethnic cleansing and population reduction." Brown University's Vice President of public affairs, Marisa Quinn, then came up to Young and said Young could wrap up Young's question. Young could not really hear her with members of the audience yelling at Young. None of the people who loudly shouted at and heckled Young in the audience were removed or arrested. Brown University targeted Young specifically. Once Young's Pro-Life stance was clear, Young was verbally yelled at and attacked.

29.     Young received no notice of possible arrest. Brown University had arbitrary enforcement in relationship to due process since none of those attacking Young were arrested. The vagueness of enforcement brings a challenge under the Due Process Clause rest principally on lack of notice. Come to find out later, the Vice President of Public Affairs gave a time restriction, but Young did not hear this. But even with this time restriction, she did not warn Young that Young would be forcibly removed and arrested if Young did not comply. Young did not know Young would be forcibly removed. None of the hecklers were removed.

9

30.     Young then said, "Why would you mandate Catholics to support the funding of abortion when it goes against our religious beliefs? Why would you mandate doctors, who do not want to participate in abortion, not to have the ability... not to have the Conscientious objection (rights) not to participate in abortion.... It forces Catholics to fund abortions with a five year prison sentence. You make it a felony." Young was continually interrupted as he spoke. Young was then touched by Brown University police and forcibly removed and arrested. The moderator, Brown University, and panel member Edward Wing of this event were clearly allowing Mr. Kennedy to speak and not Young. The intent of the moderator and Edward Wing were to stifle and intimidate Young and others from exercising their First Amendment rights to question or criticize Kennedy's performance in his official capacities and recent statements at the public forum. The intent was to chill free speech at public forums. The rule of order Brown later stated had only applied to Young and not to Mr. Kennedy because Mr. Kennedy was allowed to voice his position on life. It was to single out specifiable individuals and affect them differently from others. Young was kept from speaking, removed from the meeting and arrested because of the content of Young's message.

In addition, the forum was not viewpoint neutral. The bedrock principle of viewpoint neutrality demands that the state not suppress speech where the real rationale for the restriction is disagreement with the underlying ideology or perspective that the speech expresses. A distinction is viewpoint based if it denies access to a speaker solely to suppress the point of view he espouses. The essence of viewpoint discrimination is not that the government, in this case Brown University because it is acting with federal funding and under the color of law, incidentally prevents certain viewpoints from being heard in the course of suppressing certain general topics of speech, rather it is a governmental, in this case Brown University because it is acting with federal funding and under the color of law, intent to intervene in a way that prefers one particular viewpoint in speech over other perspectives on the same topic.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

The essence of viewpoint-based discrimination is the state's, in this case Brown University because it is acting with federal funding and under the color of law, decision to pick and choose among similarly situated speakers in order to advance or suppress a particular ideology or outlook.

31.     Young stated as Young was getting arrested, "you are violating my freedom of religion and speech rights.  It was a non neutral free speech and freedom of religion violation.

Public forum speakers cannot be excluded without a compelling governmental interest.  There was no compelling government interest in denying Young the ability to ask a question.  It is clearly not reasonable to arrest someone for asking a question or to suppress Young's expression because Young's speech opposes one of the speaker's views, even if Young's speech was a minority position in that room. Young was allowed to continue speaking after Young was allowed to give the DVD to Kennedy.  It was only after Young addressed issues of abortion that Young was removed.

Young did not agree to or vote that this was a limited public forum and it was not advertised in that way. Brown University or the defendants did not say only Kennedy's positions on abortion may be heard, but that is what they did.  This public form was not viewpoint neutral on life and abortion, just viewpoint Kennedy on life and abortion.

They discriminated against Young's speech on the basis of Young's viewpoint, and the restriction was not reasonable in light of the purpose served by a public forum to discuss healthcare.  The purpose of the public forum was to talk about healthcare.  Young was speaking on one of the amendments to the healthcare bill and the funding of abortion within that same bill in discussion.

The restriction must not discriminate against speech on the basis of viewpoint, and the restriction must be reasonable in light of the purpose served by the forum.

32.     Young was clearly an individual who has a direct stake in a healthcare mandate that may affect Young to participate.  The mandate Young referred to includes a five year prison sentence if Young did not participate in the healthcare plan due to religious reasons.  Young stated this at the public hearing. Young was referring to the provision in the House health-care plan (HR 3962) that was developed at the time that made the IRS the enforcer of the health-care plan.  It would have also made refusing to carry

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence
Providence, Rhode Island

health-insurance or pay an increased tax of 2.5 percent tantamount to tax evasion, a felony offense. House Republicans pointed out that citizens could face a maximum $250,000 fine or a maximum five-year prison sentence for such violations.   Young was citing the non-partisan Joint Committee on Taxation (JCT) letter released in 2009 stating, "H.R. 3962 provides that an individual (or a husband and wife in the case of a joint return) who does not, at any time during the taxable year, maintain acceptable health insurance coverage for himself or herself and each of his or her qualifying children is subject to an additional tax." [page 1]   "If the government determines that the taxpayer's unpaid tax liability results from willful behavior, the following penalties could apply..." [page 2] "Criminal penalties   Prosecution is authorized under the Code for a variety of offenses.  Depending on the level of the noncompliance, the following penalties could apply to an individual:  • Section 7203 – misdemeanor willful failure to pay is punishable by a fine of up to $25,000 and/or imprisonment of up to one year.  • Section 7201 – felony willful evasion is punishable by a fine of up to $250,000 and/or imprisonment of up to five years." [page 3]

33.     Young was orderly and specific to the topic of the forum, healthcare, as it related to Young's Catholic religious beliefs in the forced and mandated taxpayer funding of abortion.  The person before Young had more time than Young for his question that favored Kennedy.  This impermissibly restricted Young's speech.

34.     Brown University campus security police arrested Young and hauled him away from the microphone at Brown University, but in so acting these officers were exercising police powers invested in them by the State of Rhode Island, which cast them in the role of "peace officers" entitled to arrest citizens for petty misdemeanors, upon reasonable cause to believe that said persons are committing same, pursuant to Sections 12-7-3 and 12-7-21(10), of state law.  Accordingly, said arrest of the Young was subject to, and constrained by, federal and state constitutional restrictions and limitations.

35.     As Young was being arrested Young continued to speak, albeit much louder because the microphone that had previously amplified Young's voice was removed from Young.  Young stated it is clearly not a public forum if you are not allowed to ask a question or if you are not allowed to speak and

12

you are removed by police force. …This is not a free country anymore… You are forcing people to support a bill that goes against the religious beliefs of the people of this country…. You are violating my religious rights. I do not support the funding of abortion. I do not support you taking my taxpayer dollars to the funding of abortion….It goes against my religious beliefs for you to fund the murder of babies." Young's speech was not irrelevant or repetitious to the topic of healthcare funding as it relates to abortion. It is certainly in the public interest for a candidate for political office, Mayor of Providence, to ask a question.

It is important to note that Brown University's moderator and Edward Wing allowed Kennedy to speak his point of view and did not allow Young's opposing point of view.

36. As the Brown University police were moving Young backward, Young cooperated. Young did not resist and no resisting arrest charges were filed. Young and Brown University police were 50% to the door and Young cooperated in moving backward. Young clearly did not want to stay there all day. This shows Young was cooperating and Young was leaving. Only until Young felt Young was falling backwards did Young try to keep from falling by moving forward for Young's own safety.

It became clear later that the Brown University police at points were trying to pull Young backward to the ground. They were pulling Young's shirt so that Young would fall on Young's back as we got closer to the door. Then Brown University police pulled Young's legs out from under Young. In the police report they state that Young sat down, but on the video that Young have you can clearly see the Brown University police pull Young's legs out from under Young. The Brown University police attempted to step on Young's back but members of the Providence police who support Young as a candidate for Mayor of Providence told them, "don't you dare step on my his back."

37. Kennedy stated to the media at the end of the forum, "by now people should know my position (on abortion.)"

38. No further questions on abortion were taken after Young's arrest. It is to be noted that Young was acting, in part, as a member of the press and personally videotaping. Young was simply asking a question that was videotaped by Kara Russo to air on pro-life programming that Young helped produce. The

13

question and answer was to be put on cable television's public access to reach the entire state. Young was acting as a member of the press. Other members of the press were allowed to video tape and their message and coverage has reached a national audience to embarrass and humiliate Young by showing Young's stomach uncovered by Brown security as they falsely arrested Young.

39.     When Young was arrested, Young's camera person was also evicted; this eviction was viewpoint based. "A distinction is viewpoint based if it 'denies access to a speaker solely to suppress the point of view he espouses.'"

The rule of order did not apply equally to all members of the public, regardless of their viewpoint.

40.     Young was charged with committing disorderly conduct by assembling to cause, provoke or engage in a fight or riotous conduct – a proscription that is alien to anything that happened in this case. Criminal charges that were predicated, as here, on communicative acts alone cannot be applied to protected political and religious speech, as protected by the first and fourteenth amendments, even if that speech is vulgar or offensive.

41.     The charges were dismissed by the Providence police department.

Young submitted a video depiction of the events in question, which demonstrated – beyond peradventure – that his actions on November 30th amounted to pure speech, mere words in addition to stepping forward in a non-threatening manner to toss a video – itself a communicative act – and that said words were in the nature of advocacy and questioning, without even the slightest element of physical threat or violence, either explicit or implicit. These were not "fighting words" – as defined in subsection (c) of Section 16-3 of the Code of Ordinances as "offensive language or words which by their very utterance inflict injury or are likely to provoke a violent reaction on the part of the average person so addressed." On the contrary, Young's words – as memorialized in the audio of the videotape – were neither personally insulting nor offensive. Rather, they took issue with Congressman Kennedy's positions on proposed health care legislation.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

14

42.   On Christmas Eve, Brown University sent Young a no trespass letter restricting Young from about 300 pieces of Brown University property by their department of public safety including property owned and or leased by Brown University that are places of public accommodation in Providence.

43.   Their was nation media coverage on this event showing Young's stomach as he was being false arrested in newspapers and television around the country.  Young went from 26% of the vote in the 2006 election for Mayor of Providence to 1.6% in 2010 after this false arrest.

44.   The former attorney general of Rhode Island, Arlene Violet, has stated in an article she wrote for the Valley Breeze newspaper that Brown University violated Young's First amendment freedom of speech and freedom of religion rights.

The following is the article by former Rhode Island State Attorney General Arlene Violet written in Young's defense.

BROWN UNIVERSITY OVERREACTS
POLI-TICKS
BY ARLENE VIOLET

At a health care forum on November 30 Representative Patrick Kennedy to his credit told the Providence Journal that he did not feel threatened when Christopher Young, a perennial candidate, challenged the use of money to subsidize abortions in the health care legislation pending in Congress. Would that the Pooh-Bahs at Brown University, the host of the forum, felt the same way. The University's response to Mr. Young's comments that evening was
a total over-reaction.

Mr. Young, a staunch pro-life advocate, had every right to bring to the discussion his angst about taxpayer's money being used for abortions. To believers like him,  he and the pro-life folks feel forced to support the murder of babies. He had with him a DVD which was a presentation which asserted that abortions disproportionately occur among minorities which is tantamount to eugenics. Mr. Young asked Mr. Kennedy if he wanted to view it. The Congressman said "yes". Young approached the stage and tossed the DVD in front of the Congressman who retrieved it and thanked the profferor.

When Mr. Young returned to the microphone to finish his question (albeit a long one to be sure) he was told by the Vice President of Public Affairs that he had to wrap it up. Apparently, he didn't meet the time frame and officers approached Young, dragged him out and put him on the floor as he was handcuffed. Off he went. En route he shouted that Mr. Kennedy was not a Catholic if he would force Catholics into funding abortions, a sentiment strikingly in sync with that of the Bishop of this diocese, who, no doubt, would have used a softer tone.

15

Now, it would be easy to dismiss this incident, particularly if the reader is pro-choice or an admirer of all things Brown. What is the heart of the matter, however, is that Mr. Young was voicing an opinion which probably was a minority view on the liberal campus. The fact that he used a raised voice (he defends his shouting by saying he pumped up his tone as he was dragged away from the microphone) is beside the point. Abortion is an emotional issue.

While civil discourse is always preferable to yelling, nonetheless, seasoned politicians like Kennedy realize that the public has to shout sometimes to be heard. Witness the earlier town meetings on the health care reform held throughout the State where shouting seemed to pockmark the proceedings more often than not.

So, now, Mr. Young who has also been vocal about the need for Brown University and other public bodies to cough up either taxes or more money in lieu of taxes must meet a municipal court judge on December 30. In a free society somebody who voices an unpopular view in a strident voice at a public forum where audience participation is encouraged shouldn't be dragged into court. No warning was given to this Speaker of such a dire consequence. He was merely told that he had 15 seconds, an admonition most people don't take literally as opposed to shorten your remarks. Ironically, an audience member right before him went up to the microphone twice with rather longwinded rhetoric with impunity. Moderators handle this eventuality often by gently coaxing the participant to ask the question succinctly. Warnings as to the "rules" governing the discourse are announced before the open session of questioning. Neither approach was unequivocally used here.

Brown University needs to make amends. It should drop the charges. As a bastion to the First Amendment it puts itself in the untenable position of pushing a prosecution which is the antithesis of the First Amendment freedom of speech and freedom of religion. It's far better to encourage speech and unpopular views than to punish the speaker. Dare I say it? This prosecution of Young seems downright un-American. If the University doesn't come to its senses then the judge should toss the charges out. I would suggest that the statute was "void for being vague and indefinite," and the disorderly conduct statute is unconstitutional on over breadth grounds.

## COUNT I

## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. 1983

45.    Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

46.    That on or about November 30, 2009, Brown University through its President Christina Paxson and former President Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley and John Does discriminated against Mr. Young on the basis of religion and interfered with Mr. Young's free speech and freedom of religion rights. They discriminated against Mr. Young's Catholic religion and Mr. Young's Catholic viewpoint. They also created viewpoint discrimination. Brown University's support discriminate

*[handwritten/stamp:]* True Copy Attest
Office of Clerk
Counties of Providence & Bristol
Providence, Rhode Island

16

on the basis of religion, because they receive federal funding.  They are trying to chill Mr. Young from speaking at public forums and places of public accommodation of the university.

47.     Said use of excessive force and viewpoint discrimination deprived Mr. Young of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Mr. Young under the Fourth Amendment to the United States Constitution.  Further, said excessive force and free speech violation and religious freedom violation also violated in part the corresponding articles of the Constitution of Rhode Island and State of Rhode Island General Laws including but not limited to:

Article 1. Section 2 of the Rhode Island Constitution:

> Declaration of Certain Constitutional Rights and principles Section 2. Laws for good of whole -- Burdens to be equally distributed -- Due process -- Equal protection -- Discrimination -- No right to abortion granted. -- All free governments are instituted for the protection, safety, and happiness of the people. All laws, therefore, should be made for the good of the whole; and the burdens of the state ought to be fairly distributed among its citizens. No person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws. No otherwise qualified person shall, solely by reason of race, gender or handicap be subject to discrimination by the state, its agents or any person or entity doing business with the state. Nothing in this section shall be construed to grant or secure any right relating to abortion or the funding thereof.

Article 1. Section 21 of the Rhode Island Constitution:

> Section 21. Right to assembly -- Redress of grievances -- Freedom of speech. -- The citizens have a right in a peaceable manner to assembly for their common good, and to apply to those invested with the powers of government, for redress of grievances, or for other purposes, by petition, address, or remonstrance. No law abridging the freedom of speech shall be enacted

State of Rhode Island General Laws, TITLE 42 State Affairs and Government CHAPTER 42-112 The Civil Rights Act of 1990 SECTION 42-112-1

> §42-112-1 Discrimination prohibited. -- (a) All persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have, except as is otherwise provided or permitted by law, the same rights to make and enforce contracts, to inherit, purchase, to lease, sell, hold, and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and are subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

True Copy Attest

Clerk of Superior Court
Providence & Bristol
Providence, Rhode Island

48.    As a result of the unwarranted use of excessive force, resulting from Mr. Young's free speech violation and freedom of religion violation, Mr. Young suffered grievous injuries including a back injury and psychological injuries including but not limited to mental anguish, disrepute in the public square, embarrassment and humiliation.

49.    By reason of the above, Mr. Young suffered grievous bodily injuries, mental anguish, and was deprived of his constitutional right all to his damage.

## COUNT II

## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. 1983

50.    Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

51.    Defendants Paul Shanley and John Does, are members of the Brown University Police and exercise by statute the police powers of the state of Rhode Island. On or about November 30, 2009, Brown University Officers Paul Shanley and John Does assaulted Mr. Young without justification or cause and interfered with Mr. Young's rights, therefore.

52.    Said use of excessive force deprived Mr. Young of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Mr. Young under the Fourth Amendment to the United States Constitution.

53.    As a result of the unwarranted use of excessive force, Mr. Young suffered grievous injuries including back trauma and psychological injuries including but not limited to mental anguish.

54.    By reason of the above, Mr. Young suffered grievous bodily injuries, mental anguish, and was deprived of his constitutional right all to his damage.

## COUNT III

## ASSAULT AND BATTERY

55.    Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

18

56.   Mr. Young was in reasonable fear of imminent bodily harm.

57.   Defendant Paul Shanley administered orders to arrest Mr. Young causing several officers to push Mr. Young's body, pull Mr. Young's legs out from underneath Mr. Young, causing Mr. Young to fall on his lower back and later to kneel on Mr. Young's back.

58.   That as a result of this assault, Mr. Young suffered a re-injury to his lower back.

59.   That Officer Paul Shanley's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Young.

60.   That as a direct and proximate cause of Officer Shanley's acts, Mr. Young suffered great physical injury, fear, and mental anguish.

## COUNT IV

### MALICIOUS PROSECUTION

61.   Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

62.   Defendants Brown University, Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley and John Does initiated a criminal proceeding against Mr. Young in the Providence Municipal Court, case number 2009-00128731.

63.   Said criminal complaint was filed on Decemberber 8, 2009.

64.   The Defendants did not have probable cause to initiate said proceedings.

65.   The Defendants initiated the proceedings maliciously based on Mr. Young's Catholic viewpoint.

66.   Said criminal complaint was dismissed by the Providence police department.

67.   As a direct and proximate cause of the Defendants malicious prosecution, Mr. Young suffered damages.

## COUNT X

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS A ttest

68.   Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

69.     Defendant Brown University and Paul Shanley's actions of causing Mr. Young false arrest were done intentionally.

70.     Defendant Paul Shanley's conduct was extreme and outrageous.

71.     That as a direct and proximate result of Officer Shanley's conduct, Mr. Young suffered extreme emotional distress and disrepute and embarrassment in the public square.

## COUNT XI

### FALSE IMPRISONMENT

72.     Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

73.     That following the assault authorized by Officer Shanley and John Does, Mr. Young was unlawfully detained by the Providence Police Department, whose officers were at all times acting under the color of law.

74.     That Mr. Young's arrest was made without legal process.

75.     That as a direct and proximate result of the Defendants false imprisonment, Mr. Young suffered damages.

## COUNT XII

### FALSE IMPRISONMENT

76.     Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

77.     That Mr. Young was unlawfully detained by Brown University Officers Paul Shanley and John Does, who were at all times acting under the color of law.

78.     Mr. Young's arrest and detention was made without legal process.

79.     That as a direct and proximate result of the Defendant's false imprisonment, Mr. Young suffered damages.

## COUNT XIII

True Copy Attest

*[signature]*

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

20

## ASSAULT AND BATTERY

80.  Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

81.  Defendant Brown University's Deputy Chief of Police Paul Shanley's ordering Mr. Young arrest by several police offices and restraining Mr. Young was threatening in nature.

82.  Mr. Young was in reasonable fear of imminent bodily harm.

83.  That Officer Shanley's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Young.

84.  That as a direct and proximate cause of Officer Shanley's acts, Mr. Young suffered great physical injury, fear and mental anguish.

## COUNT XIII

## ASSAULT AND BATTERY

85.  Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

86.  Defendant John Does's physical act of chasing after and restraining Mr. Young was threatening in nature.

87.  Mr. Young was in reasonable fear of imminent bodily harm.

88.  That Officer Does's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Young.

89.  That as a direct and proximate cause of Officer Does's acts, Mr. Young suffered great physical injury, fear and mental anguish.

## COUNT X

## RESTRAINING ORDER

90.  Plaintiff repeats and realleges each of the preceding paragraphs as if expressly rewritten herein.

True Copy Attest

_By S. Kirk_

Office as Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

91.    Defendant Brown University through its President Christina Paxson and former President Ruth Simmons is enforcing the policy that Mr. Young can't be on university property owned or leased for public accommodations. Brown University owns and leases over 300 pieces of property throughout the city of Providence and State of Rhode Island and other locations found through discovery. This act of allowing a restraining order to remain in place against Mr. Young is threatening in nature.

92.    Mr. Young is in reasonable fear of imminent bodily harm. Their restraining order is a violation of Mr. Young's first amendment rights as secured by the State and Federal Constitutions. Mr. Young seeks this court to restrain Brown University from restricting Mr. Young from attending public forums and being in places of public accommodation.  They are trying to chill Mr. Young's free speech and freedom of religion as a citizen of the United States and political candidate.

93.    Mr. Young seeks the removal of said restraining order by this court.

94.    That as a direct and proximate cause of Brown University through its President Christina Paxson and former President Ruth Simmons acts, Mr. Young suffered great physical injury, political loss, fear and mental anguish.

**WHEREFORE**, Plaintiff, Christopher Young, requests that this court enter judgment as follows:

1.    Declaring as unconstitutional the arrest, seizure, beating and prosecution of the Plaintiff;

Further, Plaintiff, Christopher Young, demands the following relief jointly and severally against the Defendants, Brown University, Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley and John Does Officers:

a.    Compensatory damages in the amount of $2,000,000.00;

b.    Punitive damages in the amount of $5,000,000.00;

c.    Attorneys fees pursuant to 42 U.S.C. 1988;

d.    Such other and further relief as this Court may deem just and appropriate.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,
Christopher Young,
Pro-Se,

11/29/2012

Christopher Young
4 Angell Road
Narragansett, RI 02882
Tel. 401-477-6178

<u>VERIFICATION OF COMPLAINT</u>

I have read each of the allegations set forth in the complaint herein and attest and verify the truth of each allegation.  Signed and sworn under pains and penalties of perjury this _11_ day of _29_ , 2012.

Christopher Young

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

23

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PC-2012-6165        CHRISTOPHER YOUNG V BROWN UNIVERSITY

Filing Date: 11-30-2012                          Case Type: OTHER CIVIL ACTION
Case Status: UNASSIGNED                          Status Date: 11-30-2012

Plaintiff: CHRISTOPHER YOUNG                 Attorney: CHRISTOPHER YOUNG
           ID: @11547598

Defendant: BROWN UNIVERSITY
           ID: @11547599
Defendant: EDWARD WING
           ID: @11547600
Defendant: MARISA QUINN
           ID: @11547601
Defendant: PAUL SHANLEY
           ID: @11547602
Defendant: BROWN UNIVERSITY POLICE OFFICERS
           ID: @11547603

| Scheduled Events | | | |
|---|---|---|---|
| Date | Event | Location | Judge |

| Prior Events | | | |
|---|---|---|---|
| Date | Event | Location | Judge |

| Case Jacket | | | |
|---|---|---|---|
| Checked Out | Returned | Person | Comments/Text |

| Docket Entry Information | | |
|---|---|---|
| Date | Description | Text |
| 11-30-2012 | COMPLAINT FILED | |
| 11-30-2012 | INITIAL FILING FEE | |
| 11-30-2012 | Payment Applied | A Payment of -$160.00 was made on receipt SCP391493. |

True Copy Attest

Clerk of Superior Court
of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET      FILED

Case ID: PC-2012-6165          CHRISTOPHER YOUNG V. BROWN UNIVERSITY

Filing Date: 11-30-2012                          Case Type: OTHER CIVIL ACTION
Case Status: UNASSIGNED                          Status Date: 11-30-2012

Plaintiff: CHRISTOPHER YOUNG                 Attorney: CHRISTOPHER YOUNG
           ID: @11547598
Defendant: BROWN UNIVERSITY
           ID: @11547599
Defendant: EDWARD WING
           ID: @11547600
Defendant: MARISA QUINN
           ID: @11547601
Defendant: PAUL SHANLEY
           ID: @11547602
Defendant: BROWN UNIVERSITY POLICE OFFICERS
           ID: @11547603

## Scheduled Events

| Date | Event | Location | Judge |
|------|-------|----------|-------|

## Prior Events

| Date | Event | Location | Judge |
|------|-------|----------|-------|

## Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|-------------|----------|--------|---------------|

## Docket Entry Information

| Date | Description | Text |
|------|-------------|------|
| 11-30-2012 | COMPLAINT FILED | |
| 11-30-2012 | INITIAL FILING FEE | |
| 11-30-2012 | Payment Applied | A Payment of -$160.00 was made on receipt SCP391493. |

True Copy Attest

_[signature]_

_____ of Clerk of Superior Court
_____ of Providence & Bristol
_____dence, Rhode Island



BROWN UNIVERSITY

OFFICE OF THE GENERAL COUNSEL
Beverly E. Ledbetter, General Counsel
James M. Green, Deputy Counsel
Yolanda J. Lamboy, Associate Counsel
Edward von Gerichten, Associate Counsel

December 21, 2012

Clerk, United States District Court
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

Re: Young v. Brown University, et al. C.A. 12-937 ML

Dear Clerk:

　To complete the filing by Brown University to remove the above entitled matter from
Rhode Island State Superior Court to the Federal District Court, please find enclosed a
certified copy of the Superior Court's Civil Docket Sheet. This docket sheet contains the
filings by Mr. Young with the State Superior Court. A copy of this document has been
provided to Mr. Young.

　Thank you for your assistance. If you have any questions, please call me at 863-9900.
If you need to speak with an attorney, please ask for James M. Green, Deputy Counsel
and attorney of record in this matter.

Sincerely,

Stephen P. Imondi, RP
Legal Assistant

Enclosures: As noted
Cc: James M. Green, Deputy Counsel

CA 12- 937 MC

JS-44 (Rev. 3/08 RI)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

Chistopher Young

(b) County of Residence of First Listed Plaintiff _Washington_
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Pro Se

## DEFENDANTS

Brown University, Christina Paxson, Ruth Simmons, Marisa Quinn, Edward Wing, Paul Shanley, Brown University Police Officers, John Does

County of Residence of First Listed Defendant Providence
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Beverly E. Ledbetter, Esq (#2208)
James M. Green, Esq. (#3590)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### Admiralty
☐ 340 Marine (Injury to Seamen)
☐ 120 Marine (Other)

### Admin/Agency Appeals Other
☐ 890 Other Statutory Actions (APA Appeals, IDEA Appeals, Other)

### Bankruptcy
☐ 422 Appeal 28 U.S.C. § 158
☐ 423 Withdrawal 28 U.S.C. § 157

### Banks and Banking
☐ 140 Negotiable Instruments
☐ 430 Banks and Banking
☐ 875 Customer Challenge to Subpoena (12 U.S.C. § 3410)

### Anti-trust
☐ 410 Anti-Trust

### Construction Contracts
☐ 130 Miller Act
☐ 190 Other Contracts

### Securities Law & Stockholder Suits
☐ 160 Stockholders' Suits
☐ 850 Securities/ Commodities/ Exchange

### Other - Business/Comm.
☐ 196 Franchise
☐ 490 Cable/Satellite TV

### Consumer Credit
☐ 371 Truth in Lending
☐ 480 Consumer Credit
☐ 190 Other Contracts

### Constitutional Law
☐ 950 Constitutionality of State Statutes
☒ 440 Other Civil Rights (Constitutionality of Federal Statutes)

### Elections and Voting
☐ 400 State Reapportionment
☐ 441 Voting

### Other - Civil Rights
☐ 440 Other Civil Rights
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 446 Americans with Disabilities

### Copyright & Trademark (Intellectual Property)
☐ 820 Copyright
☐ 840 Trademark

### Employment Discrimination
☐ 442 Employment
☐ 445 Americans with Disabilities-Employment
☐ 440 Other -Civil Rights

### ERISA
☐ 791 Employment Ret. Inc. Security Act

### Other Employment Benefits
☐ 510 Other - Contract
☐ 442 Other - Employment

### Environmental Law
☐ 893 Environmental Matters

### Immigration
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainees
☐ 465 Other Immigration Actions

### Indian Law
☐ 890 Other Statutory Actions

### Insurance
☐ 110 Insurance Contract

### Labor and Occupational Safety
☐ 660 Occupational Safety/Health
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 730 Labor/Management Reporting and Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation

### Miscellaneous Civil Cases
☐ 150 Recovery of Overpayment and Enforcement of Judgment (Collections)
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (excluding Veterans)
☐ 153 Recovery of Overpayment of Veterans' Benefits
☐ 370 Other Fraud
☐ 440 Other Civil Rights (Immigration/Deportation)
☐ 450 Commerce
☐ 220 Foreclosure
☐ 610 Agriculture
☐ 620 Other Food and Drug
☐ 625 Drug related seizure of property
☐ 630 Liquor Laws
☐ 640 Railroad and Truck

### Miscellaneous Civil Cases Continued
☐ 650 Airline Regs.
☐ 690 Other (Forfeiture)
☐ 690 Other (Health Care)
☐ 810 Selective Service
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party (26 U.S.C. § 7609)
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination under Equal Access to Justice

### Patents (Intellectual Property)
☐ 830 Patents

### Prisoner Petitions
☐ 510 Motions to Vacate Sentence (2254)
☐ 510 Motions to Vacate Sentence (2255)
☐ 530 General (Habeas)
☐ 535 Death Penalty
☐ 540 Mandamus and Other
☐ 550 Civil Rights (1983)
☐ 555 Prison Conditions (1983)

### Real and Personal Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease and Ejectment
☐ 240 Torts to Land
☐ 290 All other Real Property
☐ 245 Tort Product Liability Damages

### RICO
☐ 470 RICO

### Social Security
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### Mass Torts
☐ 360 Other Personal Injury

### Products Liability
☐ 195 Contract Product Liability
☐ 245 Tort Product Liability
☐ 315 Airplane Product Liability
☐ 345 Marine Product Liability
☐ 355 Motor Vehicle Product Liability
☐ 365 Personal Injury Product Liability
☐ 385 Property Damage Product Liability

### Professional Malpractice
☐ 362 Personal Injury - Med. Malpractice

### Motor Vehicle Accidents/Slip and Fall
☐ 350 Motor Vehicle
☐ 360 Other Personal Injury

### Other Torts and Personal Injury incl. Asbestos cases
☐ 360 Other Personal Injury (Fed. Tort Claims Act)
☐ 310 Airplane
☐ 320 Assault, Libel and Slander
☐ 340 Federal Employers' Liability
☐ 360 Other Personal Injury

True Copy Attest

*[handwritten signature]*

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CONTINUED ON
REVERSE SIDE

**V. ORIGIN**   (Place an "X" In One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (Specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge From Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Civil Rights Violations under 42 U.S.C. 1983 et al.

Brief description of cause:

Claimed violatin of civil rights arising from arrest at university forum

**VII. REQUESTED IN COMPLAINT**

☐ Check if this is a Class Action Under F.R.C.P. 23     DEMAND $     JURY DEMAND: ☒ Yes   ☐ No
(Check YES only if demanded in complaint)

**VIII. RELATED CASE(S) IF ANY**     JUDGE _____     DOCKET NUMBER _____

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

_12/21/2012_
Date

_James M. Green_
Signature of Attorney of Record

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  NATURE OF SUIT: Place an X in the appropriate box. Make sure to select the Nature of Suit from the category which best describes the primary cause of action found in your complaint. You must select only one nature of suit.

VIII. RELATED CASES, IF ANY: This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

True Copy Attest

_[signature]_

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**FOR OFFICE USE ONLY**

Receipt # _____   Amount _____   Applying IFP _____   Judge _____   Mag. Judge _____

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island 

| | |
|---|---|
| CHRISTOPHER YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) |
| BROWN UNIVERSITY, ET AL | ) |
| *Defendant* | ) |

Case No. **CA 12- 937 ML**

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Brown University, Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley,et al.     .

Date:     12/21/2012

*Attorney's signature*

James M. Green #3590
*Printed name and bar number*
110 South Main Street
Providence, RI 02912-1913

*Address*

jmgreen@brown.edu
*E-mail address*

(401) 863-9977
*Telephone number*

(401) 863-1120
*FAX number*

**True Copy Attest**

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# UNITED STATES FEDERAL COURT

## DISTRICT OF RHODE ISLAND

**CHRISTOPHER YOUNG**
    (Plaintiff)

vs.

**BROWN UNIVERSITY,
THROUGH ITS PRESIDENT,
CHRISTINA
PAXSON AND FORMER PRESIDENT,
RUTH SIMMONS, EDWARD WING,
MARISA QUINN, PAUL SHANLEY,
BROWN UNIVERSITY POLICE
OFFICERS
JOHN DOES**
    (Defendants)

C.A. No.

**RECEIVED**

DEC 2 1 2012

**U.S. DISTRICT COURT
DISTRICT OF R.I.**

**CA 12- 937 ML**

## NOTICE OF REMOVAL

Brown University, Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley, and Brown University Police Officers John Does ("Defendants"), being all of the Defendants herein, give notice of removing this case from the Superior Court of the State of Rhode Island and Providence Plantations, Providence County where it is currently pending (*Christopher Young v. Brown University, et al.*, Civil Action Number PC-12-6165) to the United States District Court for the District of Rhode Island. Removal is proper because plaintiff makes claims against the Defendants under the United States Constitution and federal law, claims which invoke the United States District Court's original jurisdiction, and because the United States District Court has supplemental jurisdiction of the remaining claims made by plaintiff as those claims are so related to claims in the action within the Court's original jurisdiction that they form

True Copy Attest,

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

part of the same case or controversy under Article III of the United States Constitution . In support of removal, Defendants state:

1.  Defendants first received notice of the complaint by summonses served on certain Defendants on December 2, 2012. Copies of the summonses are attached. Therefore, this Notice is filed within 30 days from the date Defendants received notice of the case pending in Providence County.  Thus, this Notice of Removal is timely.  28 U.S.C. § 1446.

2.  Plaintiff's action seeks a declaratory judgment and damages pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

3.  Consequently, this Court has original jurisdiction over these claims presented in this case pursuant to 28 U.S.C. § 1331 as these claims arise under federal statutes and the federal constitution.  The action is therefore removable under 28 U.S.C. § 1441(a).

4.  Plaintiff's remaining state law claims are within the Court's supplemental jurisdiction as they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution .  28 U.S.C. §1367.

5.  Pursuant to 28 U.S.C. §1446(a), the complaint, summonses, filing receipt, affidavit of indegency, motion to proceed in forma pauperis, and civil action cover sheet, which constitute all process, pleadings, and orders served upon Defendants or filed in the Superior Court, are attached to this Notice of Removal.

6.  Defendants also file with this notice their answer to Plaintiff's complaint.

*True Copy Attest*

*Office of Clerk of Superior Court*
*Counties of Providence & Bristol*
*Providence, Rhode Island*

7.     Pursuant to 28 U.S.C. §1446(d),  Defendants will promptly give notice of this filing to

the plaintiff and will file a copy of this Notice of Removal with the clerk of the

Providence County Superior Court.

WHEREFORE, Brown University, Christina Paxson, Ruth Simmons, Edward Wing,

Marisa Quinn, Paul Shanley, and Brown University Police Officers John Does respectfully

request that this Court remove to this Court the civil action against them now pending in the

Superior Court of Rhode Island, Providence County.

<div style="margin-left: 40%;">

Respectfully Submitted,
Defendants Brown University,
Christina Paxson, Ruth Simmons,
Edward Wing, Marisa Quinn,
Paul Shanley, Brown University
Police Officers John Does
By their Attorneys,


*James M Green*

Beverly E. Ledbetter #2208
James M. Green #3590
Attorneys-at-Law
110 South Main Street
Brown University
Providence, RI 02912-1913
401-863-9900

</div>

## CERTIFICATION

I hereby certify that I mailed a copy of the within Notice of Removal to Christopher Young,
4 Angell Road, Narragansett, Rhode Island 02882 on this  21  day of  December, 2012.

<div style="text-align: center;">

*Sally G. Mitchell*

**True Copy Attest**

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

</div>

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

✓ *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. PC-12-6165

Christopher Young
                          Plaintiff

Christina Paxson
                          Defendant

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ............ Christopher Young ............
Plaintiff's attorney, whose address is ............ 4 Angell Road ............
............ Narragansett, RI 02882 ............
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

**Office of Clerk of Superior Court**
**Counties of Providence & Bristol**
Providence, Rhode Island

............................................
                                         CLERK

Dated: ..............................................

(Seal of the Superior Court)

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

_____ *Providence/Bristol County*
    Licht Judicial Complex
    250 Benefit Street
    Providence, Rhode Island 02903

_____ *Kent County*
    Kent County Courthouse
    222 Quaker Lane
    Warwick, Rhode Island 02886

_____ *Newport County*
    Murray Judicial Complex
    45 Washington Square
    Newport, Rhode Island 02840

_____ *Washington County*
    McGrath Judicial Complex
    4800 Tower Hill Road
    Wakefield, Rhode Island 02879

*Christopher Young*
    **Plaintiff**

*Ruth Simmons*
    **Defendant**

CIVIL ACTION, FILE NO. PC-12-6165

## *Summons*

*To the above-named Defendant:*

    The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon _Christopher Young_ Plaintiff's attorney, whose address is _4 Angell Road_ _Narragansett RI 02882_ an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

    As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

True Copy Attest

**Office of Clerk of Superior Court**
**Counties of Providence & Bristol**
**Providence, Rhode Island**

Dated: ...................................

CLERK

(Seal of the Superior Court)

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

✓ *Providence/Bristol County*
    Licht Judicial Complex
    250 Benefit Street
    Providence, Rhode Island 02903

_____ *Kent County*
    Kent County Courthouse
    222 Quaker Lane
    Warwick, Rhode Island 02886

_____ *Newport County*
    Murray Judicial Complex
    45 Washington Square
    Newport, Rhode Island 02840

_____ *Washington County*
    McGrath Judicial Complex
    4800 Tower Hill Road
    Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. PC-12-6165

Christopher Young
_____ **Plaintiff**

Edward Wing
_____ **Defendant**

## *Summons*

### To the above-named Defendant:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ____Christopher Young____ Plaintiff's attorney, whose address is ____4 Angell Road____ ____Narragansett, RI 02882____ an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

True Copy Attest

**Office of Clerk of Superior Court**
**Counties of Providence & Bristol**
**Providence, Rhode Island**

_____,
CLERK

Dated: _____

(Seal of the Superior Court)

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

✓ *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

_____ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

_____ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

_____ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. _PC -12- 6165_

Christopher Young
_____
Plaintiff

Marisa Quinn
_____
Defendant

## *Summons*

A TRUE COPY ATTEST

DEPUTY SHERIFF

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon  Christopher Young
Plaintiff's attorney, whose address is ........ 4 Angell Road
Narragansett, RI  02882
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

**Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island**

........................................................
CLERK

Dated: ................................................

(Seal of the Superior Court)

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

✓ *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. _PC-12-6165_

_Christopher Young_ ⌐ Plaintiff

_Paul Shanley_ ⌐ Defendant

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon _Christopher Young_ Plaintiff's attorney, whose address is _4 Angell Road_ _Narragansett, RI 02882_ an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

**A TRUE COPY ATTEST**

**DEPUTY SHERIFF**

True Copy Attest

**Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island**

....................................................... ,
CLERK

Dated: ...........................................................

(Seal of the Superior Court)



STATE OF RHODE ISLAND                          AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

CIVIL CASE COVER SHEET                                   CASE # PC-12-6165

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| Christopher Young | | Brown University, through President Christina Paxson and former President Ruth Simmons, Edward wing, Marisa Quinn, Paul Shanley, and John Does Brown University-Police Officers |
|---|---|---|
| PLAINTIFF | ID# | DEFENDANT       ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA  AGENCY APPEAL | ( ) EX  EXCESSIVE TAX | ( ) PJ  PERSONAL INJURY/VEHICLE |
| (✓) AB  ASSAULT AND BATTERY | ( ) FF  FORFEITURE | ( ) PL  PRODUCT LIABILITY |
| ( ) AE  ASBESTOS CASES | ( ) FG  FOREIGN JUDGMENT | ( ) PR  PARTITION |
| ( ) AI  ANTI-TRUST | ( ) FS  FRIENDLY SUIT | ( ) RC  REINSTATE CHARTER |
| ( ) BA  BOOK ACCOUNT | ( ) ID  PER INJURY/PROP DAM/VEH | ( ) PT  PROMISSORY NOTE |
| ( ) BP  BILL OF RIGHTS-POLICE OFF | ( ) IJ  INJUNCTIVE RELIEF | ( ) RY  REAL PROPERTY |
| (✓) CH  CIVIL RIGHTS/JOB DISCRIM | ( ) IP  INTERPLEADER | ( ) SA  SEXUAL ABUSE |
| ( ) CI  CRIMINAL INJURY COMP | ( ) KP  KUGEL PATCH | ( ) SF  SPECIFIC PERFORMANCE |
| ( ) CL  COMMON LAW ASSIGNMENT | ( ) LC  LEAD CASE | ( ) SX  SEXUAL HARASSMENT |
| ( ) CM  COMMON LAW LIEN | ( ) LS  LIBEL/SLANDER | ( ) TD  CONTRACT DAMAGES |
| ( ) CS  CONVERSION | ( ) ME  MALPRACTICE/LEGAL | ( ) TE  TRESSPASS AND EJECTMENT |
| ( ) CV  CRIMINAL CONVERSION | ( ) MM  MALPRACTICE/MEDICAL | ( ) TO  TITLE CLEARING |
| ( ) CH  CIVIL RIGHTS/JOB DISCRIMIN | ( ) MO  MALPRACTICE/OTHER | ( ) TV  TRUSTEE/APPT CONVEY TITLE |
| ( ) DJ  DECLARATORY JUDGMENT | ( ) MR  MERS | ( ) TG  TRUSTEE/ACCOUNTING |
| (✓) DG  RECOVERY OF DAMAGES | (✓) OV  OTHER CIVIL ACTION | ( ) UM  UNINSURED MOTORIST |
| ( ) DB  DEBT ON JUDGMENT | ( ) PB  PROPERTY DAMAGES | ( ) WD  WRONGFUL DEATH/ OTHER |
| ( ) DD  DECEPTIVE TRADE PRACTICE | ( ) PG  PROPERTY DAMAGES/VEH | ( ) WE  WRONGFUL DEATH/ MED. MAL |
| ( ) DN  DENIAL OF PROBATE CLAIM | (✓) PI  PERSONAL INJURY | ( ) WM  WRIT OF MANDAMUS |
| | | ( ) WR  WRIT OF REPLEVIN |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC  ARBITRATION/CONFIRM | ( ) GJ  GRAND JURY INVESTIGATION | ( ) PX  PETITION TO EXPUNGE |
| ( ) AD  ARBITRATION AWARD | ( ) HC  HABEAS CORPUS | ( ) PY  PETITION INVENT (WIRE TAP) |
| ( ) AS  ASSESSMENT OF DAMAGES | ( ) LN  LEVEL COMMUN NOTIFICATION | ( ) RB  ARBITRATION REFERRAL |
| ( ) CE  CONDEMNATION | ( ) ML  MECHANICS LIEN | ( ) RP  RULE 5A PETITION |
| ( ) CN  CONFIRM COMPROMISE | ( ) MW  MATERIAL WITNESS | ( ) RV  RECEIVERSHIP |
| ( ) CP  CONTEMPT | ( ) OM  OTHER MISC PETITION | ( ) SO  SEXUAL VIOLENT PREDATOR |
| ( ) DI  DISCLAIMER | ( ) OW  OUT OF STATE WITNESS | ( ) SS  STRUCTURED SETTLEMENT |
| ( ) DS  DISSOLUTION OF CORP | ( ) PC  POST CONVICTION RELIEF | ( ) TA  APPOINTMENT OF TRUSTEE |
| ( ) DT  DECLINATION OF TRUSTEE | ( ) PD  PETITION TO TAKE DEPO | ( ) TC  TITLE CLEARING (TAX TITLE) |
| ( ) EN  END PARTNERSHIP | ( ) PM  PETITION FOR IMMUNITY | ( ) TL  FORECLOSURE/TAX LIEN |
| ( ) FC  FORFEITURE OF CHARTER | ( ) PO  PETITION FOR CONSTABLE | ( ) TS  TRUSTEE SUCCESSOR |
| ( ) FL  FORECLOSURE RIGHTS REDEM | ( ) PS  PERFORM SURGERY | ( ) VC  VACATE ARBITRATION |

**PROBATE APPEAL**   True Copy Attest

| | | |
|---|---|---|
| ( ) GD  GUARDIANSHIP | ( ) OA  OTHER PROBATE APPEAL | ( ) WL  WILL |
| ( ) NC  NAME CHANGE | ( ) TU  TRUST | |

Office of Clerk of Superior Court

**DISTRICT COURT APPEAL**
( ) DISTRICT COURT APPEAL

Counties of Providence & Bristol

| TRIAL          Providence, Rhode Island  NO. | IF YES: | (✓) JURY | ( ) NON JURY |
|---|---|---|---|

| ATTORNEY NAME AND RHODE ISLAND BAR NUMBER: | | |
|---|---|---|
| PRO SE/NAME: Christopher F. Young | | DATE: 11/29/12 |

SC-223

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

DEFENDANT'S COPY



%%

R E C E I P T

Rhode Island Justice System

Receipt Number: SCP391493
Date: 30-NOV-2012
Cashier: BWT

Payor: BW-FEEW
Address:
Description                  Amount

Case: PC-2012-6165
        CHRISTOPHER YOUNG V. BROWN UNI
INITIAL FILING FE           150.00
RI LEGAL SERVICES            10.00

        Present Balance:    160.00
        Amount Paid:        160.00
        New Balance Due:      0.00

Tender Type: FEE WAIVED     160.00
        Amount Tendered:      0.00
        Amount Paid:        160.00
        Change:               0.00

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

# PC-12-6165

STATE OF RHODE ISLAND

VS

_____

### AFFIDAVIT OF INDIGENCY

**:ONAL INFORMATION**

: Christopher Young

ess: 4 Angell Road

Narragansett, RI 02882

No. 401-477-6178

DOB: 10-11-1968

Marital Status: M___ S___ D___ W✓

Dependents: (Ages) _____

_____

**:LOYMENT INFORMATION**

loyed: ☐ Yes ☑ No

loyer: _____

ress: _____

_____ per month

r income: (Government benefits, Child Support, Alimony, Pension, etc.)

me: $270 _____ per month

How Long ? _____

Unemployment Insurance? Yes____ No ✓

Income: _____ Per Month

Source(s) family/friends

**:LTER COSTS**

wn Home:     Value: $_____

ent: Monthly Rent: $_____ 0

oard: With whom: _____ wife

Mortgage/Lien: $_____

Monthly contribution (if any)

(LITIES): (approx. monthly amount): $_____ 100     Gas: $50     Elec: $ 50

OD (approx. monthly amount): $_____ 100
                              Ls. 200

CLOTHING: (approx. monthly amount): $_____

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

| ASSETS | VALUE | LIABILITIES | AMOUNT |
|---|---|---|---|

Motor Vehicle            $ _500._

Type _1996 Honda Civic_

Year _1996_

Car, Boat, Truck, Motorcycle $ _____0_____

Bank account balances:

Checking:                $ _____0_____

Savings:                 $ _____0_____

Real property:           $ _____0_____

                         $ _____

Other: (IRA,CD,Trusts,
        Stocks, Bonds, etc.)   $ _____

Loans (bank or private)       $ _____0_____

Court obligations (fines,costs
                    restitution): $ _____0_____

Consumer loans/credit cards: $ _____0_____

Medical bills                $ _____0_____

Taxes                        $ _____0_____

Other (insurance, legal fees,
        education, etc.) $ _____600 per year_____

I, _Christopher Young_ , attest that the information provided is truthful, complete, and accurate to the best of my knowledge. I am aware that any false statement or misrepresentation knowingly made shall cause me to be subject to charges of perjury in accordance with the laws of the State of Rhode Island and Providence Plantations.

**True Copy Attest**

Signed: _Christopher Young_

Sworn before: _Joseph T. Burke_
        Notary Public

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Date: _11/79_

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

☑ **PROVIDENCE/BRISTOL COUNTY**   ☐ **KENT COUNTY**   ☐ **WASHINGTON COUNTY**

☐ **NEWPORT COUNTY**

Christopher Young
_____
Plaintiff

Case No. PC-12-6165

v. Brown University, Through its President,
Christina Paxson and former President Ruth Simmons,
Edward Wing, Marissa Quinn, Paul Shanley, Brown University Police
_____  Officers, John Does
Defendant

### MOTION TO PROCEED IN FORMA PAUPERIS

Now comes the Plaintiff and prays that this court waive the costs of service of process and filing fees, on the grounds that the Plaintiff is presently indigent and as such, has no funds with which to pay these costs. *Please seal the motion to proceed in forma pauperis and the affidavit of indigency because I should not be penalized in the public square for standing for my civil rights*

An affidavit is submitted in support of this motion.

_____
Signature of Plaintiff

### ORDER

☒ **GRANTED:** It is hereby ordered that the Plaintiff may file the Complaint without payment of the filing fee and that the Sheriff of _____ County shall serve without charge to the Plaintiff the Original Complaint, Summons, Copy of the Temporary Restraining Order, and/or Notice of Hearing on Preliminary Injunction.

☐ **DENIED**

Entered as an Order of Court this _____ day of _____, 20 _____.

**ENTER:**

_____
Justice   11/29/12

**BY ORDER:**
True Copy Attest

_____
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
Signature of Plaintiff

**PRESENTED BY:**

Christopher Young
_____
Print Name of Plaintiff

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

NORA MACLEOD                             C.A. No. PC 12-177

V.

BROWN UNIVERSITY and
THOMAS TOUGAS

## ANSWER OF DEFENDANT, THOMAS TOUGAS, TO INTERROGATORIES PROPOUNDED BY PLAINTIFF

**INTERROGATORY NO. 1:**

    State the names and addresses of all witnesses, or persons believed or known by you to have any knowledge concerning the facts pertaining to the within accident.

    **ANSWER:**
Officers and plaintiff

**INTERROGATORY NO. 2:**

    State the names and addresses of those persons who have given you, your attorney or any person, firm or corporation acting in your behalf, statements, accident reports, voice recordings, medical proof of claim forms, reports or memoranda in any way concerning this accident, the date of each such statement, accident report, voice recording, medical proof of claim forms or reports or memoranda and the name, telephone number and address of the person, firm or corporation who has possession of same.

    **ANSWER:**

    Police incident report

**INTERROGATORY NO. 3:**

    Were any photographs or motion picture films taken at any time since the accident of the plaintiff, scene of the accident or motor vehicles involved and if so, please identify same giving the name and address of the person who photographed the same, the date or dates of the taking of said photographs or motion pictures films and the name and address of the person or persons having possession of same.

    **ANSWER:**
No pictures

**INTERROGATORY NO. 4:**

Did you give a statement or accident report to any person, firm or corporation regarding this accident, and if so, the date that each statement was given, the name, address and occupation of the person to whom and for whom the said statement was given as well as the name and address of the person, firm or corporation having possession of said statement.

**ANSWER:**
Incident report—Brown and Providence PD

**INTERROGATORY NO. 5:**

Kindly state how many feet if possible or in any other unit of measure your vehicle was from the point of impact when you first saw plaintiff.

**ANSWER:**
Did not see before impact. A pillar blocking

**INTERROGATORY NO. 6:**

Kindly state how many feet if possible or in any other unit of measure your vehicle was from the plaintiff when you first saw the plaintiff.

**ANSWER:**

Same as 5

**INTERROGATORY NO. 7:**

Kindly state how far a distance in feet if possible or any other unit of measure was the plaintiff from the point of impact when you first saw the plaintiff.

**ANSWER:**
Same as 5

**INTERROGATORY NO. 8:**

Kindly state the speed of your vehicle when you first saw plaintiff and also at the time of impact.

**ANSWER:**

No speed at first sight. Five miles an hour or less

## INTERROGATORY NO. 9:

Please describe the course of the vehicle which you were operating from the time you first saw the plaintiff until the accident occurred, including any change of lane by your motor vehicle.

**ANSWER:**

Stopped at stop sign and then turning left to Power Street

## INTERROGATORY NO. 10:

How many feet if possible or any other unit of measure away from the impact were your brakes applied before the point of impact.

**ANSWER:**
Braked at impact

## INTERROGATORY NO. 11:

State the time, place and substance of any conversation, which you had or any other person had in your presence, with the plaintiff in any way relating to the manner in which the accident happened.

**ANSWER:**
She said you fucking hit me. Sorry. Are you injured Not that I know of T called Brown dispatch and for rescue. Brown dispatch called Providence.  Heston first—no conversation. Rescue next Providence rescue.  No convo heard. McGloin from Providence talked to T and talked to her (didn't hear)  Boyfriend showed up

## INTERROGATORY NO. 12:

Have you ever been convicted or pleaded guilty to any criminal offense and if the answer is yes, please state the date of such plea or conviction, the court, the city and state, and the nature of the offense and the disposition of the court.

**ANSWER:**

No

## INTERROGATORY NO. 13:

State the name, address, and specialty of each expert you intend to have testify for you regarding this case, and with respect to each, please identify

a) the subject matter on which the expert is expected to testify;
b) the substance of the facts and opinions to which the expert is expected to testify; and
c) a summary of the grounds for each opinion.

**ANSWER:**
None at this time

## INTERROGATORY NO. 14:

State upon which facts you rely to support your contention that the plaintiff was not in the exercise of due care.

**ANSWER:**
Wet suddenly appeared in front of car

## INTERROGATORY NO. 15:

Please describe in detail the facts as to how the accident occurred giving all the details or events, before, at the time of and after the accident which you would consider had any bearing on the accident.

**ANSWER:**

## INTERROGATORY NO. 16:

If skid marks were left on the pavement by your vehicle, state the length of each said mark, or marks.

**ANSWER:**
No

## INTERROGATORY NO. 17:

4

At the moment of impact, was your vehicle moving or still, and if it was still, for how long a period of time had it been still.

**ANSWER:**
Moving at impact—under 5 mph

## INTERROGATORY NO. 18:

Do you, your attorneys, agents, servants, or employees have any letters, statements, accident report forms or voice recordings concerning this accident made by the plaintiff, and if so, the nature of same, the date each was taken and the name, address, and occupation of the person taking same and the name and address of the person, firm or corporation presently having possession of same.

**ANSWER:**
No other than Providence police report

## INTERROGATORY NO. 19:

State the exact points of contact between your vehicle and the plaintiff.

**ANSWER:**
See #12 on providence police report

## INTERROGATORY NO. 20:

State what observations to your view there was between the plaintiff and the defendant's vehicle at the time of impact and just before the impact.

**ANSWER:**
A pillar

## INTERROGATORY NO. 21:

State whether or not the defendant and/or the defendant's motor vehicle were covered by bodily injury insurance coverage at the time of this accident, and if so, the name of all insurance companies providing said coverage as well as the total amount of the limits of said bodily injury insurance coverage from all insurance companies. If not covered by insurance, and if you or your operator were required by the State of Rhode Island to post a bond/security with the Rhode Island Department of Transportation release, state:

a) The amount and kind of said bond/security posted;
b) The name(s) and address(es) of any sureties; and
c) The date the bond/security was posted.

**ANSWER:**
Yes


## INTERROGATORY NO. 22:

Did you consume any alcoholic beverages eight hours prior to the accident, and if so, state the kind of alcoholic beverages, the place or places it was consumed, the amount you consumed, and when it was consumed with relation to the time of the accident.

**ANSWER:**
no


## INTERROGATORY NO. 23:

Did you consume or take any narcotics or barbiturates during the eight hours before the accident, and if so, state the kind of narcotics or barbiturates taken, the place or places where such was consumed, the amount consumed, and when it was consumed in relation to the time of the accident.

**ANSWER:**

no

## INTERROGATORY NO. 24:

State your full name, date of birth, residence address, social security number, marital status, driver's license number, occupation and business address.

**ANSWER:**
Thomas Paul, 6-18-67, 46 Harrison Street, Cumberland RI married, dr 8307616, sworn police officer for Brown police


## INTERROGATORY NO. 25:

Give a particular description and location of the alleged damage to your car, its make, model, year and mileage at the time of the accident; its value immediately before and immediately after the accident; the cost of repair of said damages; and if repaired, the

name and address of the person or persons who made the appraisal of the damage thereof and the date of which said appraisal was made.

**ANSWER:**
No

## INTERROGATORY NO. 26:

If you are the owner of the motor vehicle and not the operator please state whether the operator was driving the motor vehicle with your permission and if your answer is in the negative please indicate the circumstances under which the operator was in control of your motor vehicle or obtained the use thereof.

**ANSWER:**
Yes

## INTERROGATORY NO. 27:

Please state whether you or the operator of your motor vehicle was issued a citation for any violation arising from the incident which is the subject matter of this complaint, and if so, please state the citation number, the court or agency which issued the citation, the nature of the violation, the plea entered to the violation, the date of disposition and the disposition thereof.

**ANSWER:**

No citation

_____

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On this _____ day of _____, 2012, before me, the undersigned notary public, personally appeared _____(name of document signer), personally known to the notary or proved to the notary through satisfactory evidence of identification, which was _____, to be the person whose name is signed on the preceding or attached document in my presence.

_____
Notary Public, ID #
My Commission Expires:


## CERTIFICATION

I, James M. Green, Esquire, hereby certify that a copy of the within Answers to Interrogatories was mailed to the following counsel on the _____ day of _____, 2012:  Mark B. Morse, Esq., LAW OFFICE OF MARK B. MORSE, 420 Angell Street, Providence, Rhode Island 02906.

_____

8

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE COUNTY**

NORA MACLEOD                          :
     (Plaintiff)                       :
                               :                      *PC*
     vs.                                  :   C.A. No. *12 - 1770*
                               :
BROWN UNIVERSITY, and                 :
THOMAS TOUGAS                         :
     (Defendants)                      :

## ANSWER OF DEFENDANTS BROWN UNIVERSITY AND THOMAS TOUGAS TO PLAINTIFF'S COMPLAINT

Defendants, Brown University and Thomas Tougas, in the above-entitled cause, file this Answer to Plaintiff's Complaint herein, as follows:

1.    Defendants Brown University and Thomas Tougas admit that the vehicle that was being driven by Defendant Tougas was owned by Defendant Brown University and came into contact with the Plaintiff.  Defendants Brown University and Thomas Tougas deny the remaining allegations in paragraph 1 of Plaintiff's Complaint.

2.    Defendants Brown University and Thomas Tougas are without sufficient information to admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint and leaves Plaintiff to her proof.

WHEREFORE, having answered the allegations contained in paragraphs 1 - 2, Defendants Brown University and Thomas Tougas pray that Plaintiff take nothing by Plaintiff's Complaint and that the Complaint be dismissed with prejudice; that judgment be entered in favor of the Defendants Brown University and Thomas Tougas against the Plaintiff on the claims set forth in the Complaint; and Defendants Brown University and Thomas Tougas be awarded attorneys fees, costs, and such additional or alternative relief as is deemed appropriate.

## FIRST AFFIRMATIVE DEFENSE

Defendants Brown University and Thomas Tougas deny that they were negligent, or were in any way at fault or in any way responsible for the injuries to the Plaintiff as alleged in the Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendants pray that Plaintiff take nothing by Plaintiff's Complaint and that the Complaint be dismissed with prejudice; that judgment be entered in favor of the Defendants against the Plaintiff on the claims set forth in the Complaint; and Defendants be awarded attorneys fees, costs, and such additional or alternative relief as is deemed appropriate.

*Received 4/23/12*

1

Defendants Brown University
and Thomas Tougas
By Their Attorneys,

*James Green*

Beverly E. Ledbetter #2208
James M. Green #3590
Attorneys-at-Law
110 South Main Street
Brown University
Providence, RI 02912-1913
401-863-9900
jmgreen@brown.edu

## CERTIFICATION

I hereby certify that I mailed a copy of the within Answer to Plaintiff's Complaint to
Mark B. Morse, Esq, 420 Angell Street, Providence, Rhode Island 02906 on this **23**
day of **April**, 2012.

*Sally G. Mitchell*

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

NORA MACLEOD

VS.                                      CA NO P12-

THOMAS TOUGAS, Alias and
BROWN UNIVERSITY IN THE STATE OF
RHODE ISLAND AND PROVIDENCE
PLANTATIONS, Alias

## COMPLAINT

1. On or about April 28, 2011 on Power Street at intersection with Benefit Street, public highways in the City of Providence, RI, a motor vehicle owned by Defendant Brown University, Alias and operated by defendant Thomas Tougas was negligently driven so as to cause a collision with Plaintiff who was, at the time a pedestrian.

2. As a result of the collision, plaintiff suffered personal injuries, and great pain of mind and body, incurred a loss of earnings and earning capacity, and incurred medical expenses in connection therewith.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally in such sums as to compensate her for her losses, plus interest and costs. The amount demanded is such that it is within the jurisdiction of the Superior Court.

Plaintiff demands a trial by jury and designates Mark B. Morse as trial counsel.

PLAINTIFF
By her Attorneys
Law Office of Mark B. Morse

MARK B. MORSE, ESQ.
RI Bar Reg No 3003
420 Angell Street
Providence, RI 02906
tel (401) 831-0555
fax (401) 273-0937
mark@morselawoffice.com

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

**X** *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

____ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

____ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

____ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. ...........................

Nora Macleod
.................................................................
**Plaintiff**

Thomas Tougas/Brown University
.................................................................
**Defendant**

}

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ...Mark..R...Morse........................................... Plaintiff's attorney, whose address is ..420 Angell Street, Providence, RI 02906..........................
..........................................................................................................................................................
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

.................................................................
CLERK

Dated: ...........3-29-12...............................

**(Seal of the Superior Court)**

DATE 4/3/12
A TRUE COPY ATTEST
VINCENT P CATAMERO
R.I. CONSTABLE #6028

S-135
Superior-1 (revised January 2011)

# UNITED STATES FEDERAL COURT

## DISTRICT OF RHODE ISLAND

CHRISTOPHER YOUNG      :
   (Plaintiff)           :
                            :

   vs.                   :     C.A. No.
                            :

BROWN UNIVERSITY,      :
THROUGH ITS PRESIDENT, CHRISTINA :
PAXSON AND FORMER PRESIDENT,  :
RUTH SIMMONS, EDWARD WING,   :
MARISA QUINN, PAUL SHANLEY,   :
BROWN UNIVERSITY POLICE OFFICERS:
JOHN DOES               :
   (Defendants)          :

## CA 12- 937 ML

### ANSWER OF BROWN UNIVERSITY, CHRISTINA PAXSON, RUTH SIMMONS, EDWARD WING, MARISA QUINN, PAUL SHANLEY, AND BROWN UNIVERSITY POLICE OFFICERS JOHN DOES TO PLAINTIFF'S COMPLAINT

Come now Defendants Brown University ("Brown"), Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley, and Brown University Police Officers John Does ("Defendants") in the above-entitled cause, and file this Answer to Plaintiff's Complaint herein, as follows:

1. Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

### JURISDICTION

2. For any allegations contained in paragraph 2 of Plaintiff's Complaint, Defendants deny such allegations.

3. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the jurisdictional allegation of paragraph 3 of Plaintiff's Complaint and leaves Plaintiff to his proof.

4. Defendants deny the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

1

## VENUE

7. Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

## PARTIES

8. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Complaint and leaves Plaintiff to his proof.

9. Defendants admit that Brown is a University located in the City of Providence, Rhode Island as alleged in paragraph 9 of Plaintiff's Complaint. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of Plaintiff's Complaint and leaves Plaintiff to his proof.

10. Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants admit that Ruth Simmons is the former President of Brown University as alleged in paragraph 11 of Plaintiff's Complaint. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint and leaves Plaintiff to his proof.

12. Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that Paul Shanley is a sworn officer and Deputy Police Chief of the Brown Department of Public Safety and is a resident of the State of Rhode Island. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of Plaintiff's Complaint and leaves Plaintiff to his proof. .

15. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Complaint and leaves Plaintiff to his proof..

## FACTUAL ALLEGATIONS

16. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Complaint and leaves Plaintiff to his proof.

17. Defendants have no knowledge or information sufficient to form a belief as to

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

2

truth or falsity of the allegation that Plaintiff Young had copies of the advertisements to the health care forum as alleged in paragraph 16 of Plaintiff's Complaint and leaves Plaintiff to his proof. Defendants admit the remaining allegations contained in paragraph 17 of Plaintiff's complaint.

18. Defendants admit that Mr. Kennedy was a Rhode Island Congressional member and that Plaintiff was permitted to attend the forum. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18 of Plaintiff's Complaint and leaves Plaintiff to his proof.

19. Defendants admit that Plaintiff Young and Kara Russo were permitted to enter the forum and were not allowed to bring signs into the forum. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of Plaintiff's Complaint and leaves Plaintiff to his proof..

20. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Plaintiff's Complaint and leaves Plaintiff to his proof.

21. Defendants admit that Brown receives certain Federal funds. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21 of Plaintiff's Complaint and leaves Plaintiff to his proof.

22. Defendants admit that Plaintiff Young was allowed to enter the forum. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 of Plaintiff's Complaint and leaves Plaintiff to his proof.

23. Defendants admit that members of the audience were allowed to ask questions as alleged in paragraph 23 of Plaintiff's Complaint. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 of Plaintiff's Complaint and leaves Plaintiff to his proof.

24. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Complaint and leaves Plaintiff to his proof.

25. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Complaint and leaves Plaintiff to his proof..

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

3

26. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Complaint and leaves Plaintiff to his proof.

27. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Complaint and leaves Plaintiff to his proof. 27. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Complaint and leaves Plaintiff to his proof.

28. Defendants deny that Brown targeted Young as alleged in paragraph 28 of the Plaintiff's Complaint. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 28 of Plaintiff's Complaint and leaves Plaintiff to his proof..

29. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Plaintiff's Complaint and leaves Plaintiff to his proof..

30. Defendants admit that Plaintiff Young was placed under arrest as alleged in paragraph 30 of Plaintiff's Complaint, but deny that his arrest was related to the content of his speech. Defendants further deny that the forum moderator and Edward Wing sought to stifle or intimidate Young as alleged in paragraph 30 of the Plaintiff's Complaint. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 30 of Plaintiff's Complaint and leaves Plaintiff to his proof.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiff's Complaint and leaves Plaintiff to his proof.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants admit that Plaintiff was arrested by sworn officers of Brown's Department of Public Safety and that those officers have arrest powers under Rhode Island law.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of Plaintiff's Complaint and leaves Plaintiff to his proof.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4

38. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of Plaintiff's Complaint and leaves Plaintiff to his proof.

39.Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants admit that Plaintiff Young was charged with a crime and that the charges were dismissed. Defendants deny the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants admit that a no trespass letter was sent to Young concerning Brown owned and leased property by Brown's Department of Public Safety. Defendants deny the remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of Plaintiff's Complaint and leaves Plaintiff to his proof.

44. Defendants have no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of Plaintiff's Complaint and leaves Plaintiff to his proof.

## COUNT I
### CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. 1983

45. Defendants repeat their responses to the allegations contained in paragraphs 1 - 44 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

## COUNT II

### CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. 1983

50. Defendants repeat their responses to the allegations contained in paragraphs 1 - 49 of Plaintiff's Complaint.

True Copy Attest

_[signature]_

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

51. Defendants admit that Paul Shanley and certain other officers are sworn officers of Brown's Department of Public Safety with the power to arrest. Defendants deny the remaining allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in paragraph 53of Plaintiff's Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

## COUNT III

## ASSAULT AND BATTERY

55. Defendants repeat their responses to the allegations contained in paragraphs 1 – 54 of Plaintiff's Complaint.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendants admit that Plaintiff Young was arrested. Defendants deny the remaining allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

## COUNT IV

## MALICIOUS PROSECUTION

61. Defendants repeat their responses to the allegations contained in paragraphs 1 - 60 of Plaintiff's Complaint.

62. Defendants admit that Plaintiff Young was charged with a crime as alleged in paragraph 62 of Plaintiff's Complaint. The Defendants deny the remaining allegations of paragraph 62 of the Plaintiff's Complaint.

63. Defendants admit the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Defendants Brown University, Christina Paxson, Ruth Simmons, Edward Wing, Marisa Quinn, Paul Shanley, and Brown University Police Officers John Does admit the

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Defendants repeat their responses to the allegations contained in paragraphs 1 – 67 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

## COUNT VI

### FALSE IMPRISONMENT

72. Defendants repeat their responses to the allegations contained in paragraphs 1 - 71 of Plaintiff's Complaint.

73. Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

## COUNT VII

### FALSE IMPRISONMENT

76. Defendants repeat their responses to the allegations contained in paragraphs 1 - 75 of Plaintiff's Complaint.

77. Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations contained in paragraph 78 of Plaintiff's Complaint. True Copy Attest

79. Defendants deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

7

## COUNT VIII

## ASSAULT AND BATTERY

80. Defendants repeat their responses to the allegations contained in paragraphs 1 – 79 of Plaintiff's Complaint.

81. Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

82. Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

## COUNT IX

## ASSAULT AND BATTERY

85. Defendants repeat their responses to the allegations contained in paragraphs 1 - 84 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

## COUNT X

## RESTRAINING ORDER

90. Defendants repeat their responses to the allegations contained in paragraphs 1 -89 of Plaintiff's Complaint.

91. Defendants admit that Brown's Department of Public Safety sent Plaintiff Young a no trespass letter concerning Brown's owned and leased property. Defendants deny the remaining allegations contained in paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations contained in paragraph 92 of Plaintiff's Complaint.

93 Defendants have no knowledge or information sufficient to form a belief as to the

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

8

truth or falsity of the allegations contained in paragraph 93 of Plaintiff's Complaint and leaves Plaintiff to his proof.

94. Defendants deny the allegations contained in paragraph 94 of Plaintiff's Complaint.

WHEREFORE, having answered the allegations contained in paragraphs 1 – 94 of Plaintiff's Complaint, Defendants pray that Plaintiff take nothing by Plaintiff's Complaint and that the Complaint be dismissed with prejudice; that judgment be entered in favor of the Defendants against the Plaintiff on the claims set forth in the Complaint; and Defendants be awarded attorneys fees, costs, and such additional or alternative relief as is deemed appropriate by the Court.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively assert that the Plaintiff is estopped by his own acts and deeds.

## THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively assert the defense of laches.

## FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively assert that there is no basis in law or fact for any valid claim against the Defendants for either punitive or compensatory damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendants deny that they were negligent, or were in any way at fault or in any way responsible for the injuries to the Plaintiff as alleged in the Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's complaint does not set forth any legally binding duty violated by Defendants, nor do the claims allege any violation of any legally recognized duty by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that if the Plaintiff did sustain injuries as alleged in the Complaint, which is denied, these injuries were due entirely and solely to the negligence, and/or intentional act of the Plaintiff.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

### EIGHT AFFIRMATIVE DEFENSE

Defendants allege that if the Plaintiff did sustain injuries in the manner alleged in Plaintiff's Complaint, Plaintiff knowingly and intentionally assumed the risk of the same by his conduct.

### NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively assert insufficiency of process and insufficiency of service of process.

Defendants Brown University,
Christina Paxson, Ruth Simmons,
Edward Wing, Marisa Quinn,
Paul Shanley, Brown University
Police Officers John Does
By their Attorneys,

Beverly E. Ledbetter #2208
James M. Green #3590
Attorneys-at-Law
110 South Main Street
Brown University
Providence, RI 02912-1913
401-863-9900

### CERTIFICATION

I hereby certify that I mailed a copy of the within Answer to Plaintiff's Complaint to Christopher Young, 4 Angell Road, Narragansett, Rhode Island 02882 on this 21st day of December, 2012.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

10