UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-937-ML-LDA |
| | ) | |
| BROWN UNIVERSITY and | ) | |
| PAUL SHANLEY, alias, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO EXCLUDE TESTIMONY OF CLAUDE CURRAN, M.D.

I.     INTRODUCTION

This matter was brought by Plaintiff alleging a number of civil rights and other violations as well as a (second) Count X related to a No Trespass Notice issued by Brown University. Plaintiff makes allegations regarding two discrete incidents: First, an incident at Andrews Hall on November 30, 2009. Tr., Document No. 65, p.5, l.2 – p.17, l.21[1]; and, second, an incident on the sidewalk outside the Brown University Bookstore which occurred in March of 2010. Tr. Document No. 65, p.32, l.24 – p.34, l.21.[2]

The matter was subject to certain stipulations, dispositive Motions and a Bench Trial was commenced on then-remaining Counts on October 6, 2014.

---

[1] Nine of the Complaint's ten Counts arise solely and exclusively from the November 30, 2009 event. The tenth (Count X[2]) relates to the No Trespass Notice, but does not make any allegation regarding the alleged March, 2010 incident. The Counts are misnumbered: Counts I and II – §1983; Count III – Assault and Battery; Count IV – Malicious Prosecution; Count X [sic] – Intentional Infliction of Emotional Distress; Counts XI and XII [sic] – False Imprisonment; Counts XIII and XIII[2] [sic] – Assault and Battery; Count X[2] [sic] – Restraining Order.

[2] The Complaint contains no reference to the March, 2010 incident.

Following examination of Plaintiff's last liability witness, [3] Defendants moved for Judgment on Partial Findings pursuant to Rule 52, Fed. R. Civ. Proc. The Court granted the Motion as to all remaining Counts except the second Count X, relating to Brown's December, 2010 service upon Plaintiff of a No Trespass Notice. Document No. 63.

The final Count, regarding the No Trespass Notice, is scheduled for the continuation of the Bench Trial on June 29, 2015. At a hearing on April 22, 2015, Plaintiff advised that he intended to call his medical expert, Dr. Claude Curran at the continued Bench Trial. For the reasons that follow, Defendants respectfully pray that the Court exclude the testimony of Dr. Curran at the continued Bench Trial.

### A. Plaintiff's Disclosures Concerning Dr. Curran.

Dr. Curran was initially identified in a Supplemental Answer to Interrogatory No. 10, which was a standard expert Interrogatory. The Supplemental Answer (Exhibit A) was served May 1, 2014, more than four years after the bookstore incident. It stated that Plaintiff expected to call Dr. Curran, who was "expected to testify that Plaintiff's recurrence of PTSD and PTSD symptoms is tied to his injuries and experiences *of November 30, 2009*." (emphasis added). The Supplemental Answer includes Dr. Curran's CV and his March 31, 2014 Evaluation. The Supplemental Answer makes no mention whatsoever of the March, 2010 incident.

Dr. Curran was further identified by Plaintiff in Plaintiff's Rule 26 Expert Disclosure, served May 27, 2014, attached hereto as Exhibit B. That disclosure also included Dr. Curran's CV and a "summary" of his opinion in the form of an attached (to the disclosure, and included in Exhibit A to this Memorandum) evaluation. The Disclosure proper states the "Dr. Curran is expected to testify that Plaintiff's recurrence of PTSD and PTSD symptoms is tied to his injuries

---
[3] A single medical witness remained.

and experiences *on November 30, 2009*." (emphasis added).

The evaluation was dated March 31, 2014, based upon a March 29, 2014 examination – both dates more than four years after the bookstore incident. The evaluation was included with both May, 2014 disclosures, comprising approximately two and one half pages. Nowhere in the evaluation is there a single reference to the March, 2010 incident. The ultimate conclusion in the report, consistent with the formal disclosure: "It is my professional opinion that the incident of *November 30, 2009* is the proximate cause of the re-injury and recurrence of Mr. Young's Posttraumatic Stress Disorder, resulting in his current physical and psychological disability." (emphasis added).

The Court issued a Pretrial Scheduling Order (Document No. 60) which required, *inter alia*, that each party submit a list of witnesses and provide "a summary of the proposed examination and testimony to be elicited <u>as to each witness</u>." (emphasis original). Plaintiff's witness list (Exhibit C) was served September 29, 2014. With respect to Dr. Curran, in addition to his name and address, Plaintiff's Witness List stated: "Dr. Curran is expected to testify that Plaintiff's recurrence of PTSD and PTSD symptoms is tied to his injuries and experiences *on November 30, 2009*." (emphasis added).

In sum, there has been no disclosure or discovery provided indicating or even hinting that Dr. Curran has any opinion or was being offered to testify regarding the events outside the Brown Bookstore in March, 2010, any effects of such incident or with any respect to the No Trespass Notice.

II. ARGUMENT

Rule 37(c)(1), Fed. R. Civ. Proc., provides as follows:

(1) Failure to Disclose or Supplement. If a party fails to provide information or

identify a witness *as required by* Rule 26(a) or (e)[4], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b) (2) (A) (i) -(vi) . (emphasis added).

Rule 37((b)(2)(A), incorporated in that provision, provides for the following potential consequences of a failure to disclose:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Court noted in its Standard Pretrial Order, in January, 2013 (Document No. 12), that "Any expert witness not disclosed by [the specified dates] may not be allowed to testify unless authorized by the Court."

Rule 26(a)(2) states that "a party must disclose to the other parties the identity of any

---

4 The requirements of Rule 26(a) are set forth below.

witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705", which disclosure must include "a *complete* statement of *all* the opinions the witness will express and the basis and reasons for them." (emphasis added). This disclosure provides notice of expert opinions prior to depositions, permits the opposing party to prepare for cross-examination and offers the opportunity to engage an expert for the purposes of both undercutting the opinion and offering countervailing testimony. *JJI Int'l, Inc. v. The Bazar Group, Inc.*, C.A. No. 11-206-ML (D.R.I., Slip. Op., April 8, 2013), at 6.

In this case, Plaintiff has not disclosed Dr. Curran as an expert in any way, shape or form with respect to any consequences of the incident outside the Brown Bookstore or the No Trespass Notice. As noted above, relevant Rules of Civil Procedure require *complete* disclosures of the anticipated testimony of expert witnesses, subject to non-disclosed testimony being precluded.

Court have routinely enforced the requirements of Rules 26 and 37 through preclusion or limitation of non-disclosed witness testimony.

In *Paolino v. JF Reatly, et als.*, C.A. No. 12-039-ML (Memorandum of Decision, November 19, 2014), this Court only permitted one of Plaintiff's experts to testify with respect to "his observations and conclusions contained in the initial disclosures provided in his first report," precluding opinions subsequently offered by Plaintiffs. *Id.* At 27-28. In *Paolino*, the Plaintiff, as noted, *had* at least offered a supplement. Here, Plaintiff has not even taken that step – though doing so mid-trial would be, Defendants respectfully suggest, far too late to support a change in expert testimony. In *Paolino*, the unsuccessful effort to supplement by Plaintiff was prior to trial – not in the middle of trial. Moreover, the attempt to supplement was related to opinions based on testing conducted *after* the initial disclosure. Here, the initial disclosures were more than four years *after* the bookstore incident. In short, while the *Paolino* Plaintiffs at least *tried* to

supplement based on *post-disclosure* testing, Plaintiff here cannot offer the Court even those types of mitigating (though unavailing) circumstances.

In *Barrett v. Atlantic Richfield Co.*, 95 F.R.D. 375, 379-82 (5th Cir. 1996), the Fifth Circuit affirmed the District Court's striking of expert testimony based upon the failure of the expert to formulate final opinions by the discovery deadline in the case.[5]

In considering whether to relieve a party from the consequences of failure to meet the requirements of applicable Rules or Orders, the failing party has the burden to show substantial justification or that the desired supplementation is harmless. Rule 37(c)(1), Fed. R. Civ. Proc.; *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 79 (D.Mass. 2008). The First Circuit considered a District Court's exclusion of a late-breaking expert opinion in *McCaulay v. Anas*, 321 F.3d 45 (1st Cir. 2003). In *McCaulay*, a "supplemental" expert report was served after the close of discovery. The new report contained both new opinions and new theories of liability. The District Court excluded the new opinion and the First Circuit affirmed, noting that "common sense" suggests that, in these circumstances, the opposing party would be unduly prejudiced. *Id*. At 52-53.

Courts have also rejected attempts to style new opinions, post-deadline, as permitted Rule 26 "supplements" to discovery responses. *Keener v. United States*, 181 F.R.D. 639 (D. Mont. 1998) rejected a post-deadline attempt to change and add opinions previously disclosed within the established disclosure deadline. The *Keener* Court held that 'supplementation' means correcting inaccuracies or adding meat to the bones of a prior answer based on newly acquired information.

---

5 *Barrett* also relied upon Rule 16, Fed. R. Civ. Proc., which gives the Court broad powers regarding scheduling, discovery, case management and the imposition of appropriate sanctions where such management is undermined by a party's failure to comply with imposed requirements. The First Circuit notes that discovery closure dates and deadlines for expert disclosures are "important tools for case management." *Serano-Perez v. FMC Corp.*, 985F.2d 625, 629 (1st Cir. 1993).

*Id.* At 640. *See also Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation.").

In this matter, Dr. Curran's 2014 disclosure was strictly limited to an opinion regarding the supposed effects on Plaintiff stemming from the November 30, 2009 incident and there was not a single word regarding any effects of the March, 2010 incident outside the Brown Bookstore or the No Trespass Notice. In fact, the No Trespass Notice was not even penned until December, 2010, so it could not have impacted in any manner Plaintiff's claimed damages arising from the November, 2009 incident at Andrews Hall, nor could it factor in any manner into Dr. Curran's opinion, which is strictly limited to the claimed effects of the November 2009 incident. Further, Plaintiff did not, in any other filing, indicate or even hint that Dr. Curran would be expected to testify with respect to any effect of the Bookstore incident or the No Trespass Notice. Brown, accordingly, did not make any effort to meet or contradict any such undisclosed opinion, if any.

In the circumstances, where the only matter left in this case is the Count related to the No Trespass Notice, Dr. Curran's testimony is entirely irrelevant and should be excluded.

III. CONCLUSION

Plaintiff designated three witnesses. Two of those witnesses were fully heard in the first day of the Bench Trial in this matter. The only remaining witness is an expert whose disclosure indicates is solely a damage expert and whose testimony is solely and exclusively related to alleged damages flowing from the incident which occurred on November 30, 2009. Because the sole remaining Count, after the Court's decision on the Rule 52 Motion, relates only to the No Trespass Notice, and the sole testimony related to trespass issues is about the incident outside the Brown

Bookstore in March, 2010, Dr. Curran's testimony should be precluded because there has never been any relevant Curran opinion disclosed which bears in any manner whatsoever on the No Trespass Notice or the March, 2010 incident.

For the foregoing reasons, Defendants respectfully pray that the Court enter its Order precluding the testimony of Dr. Claude Curran at the continued Bench Trial in this matter.

Respectfully submitted,  
Defendants,  
By their attorney,

Date: May 26, 2015                    /s/Jeffrey S. Michaelson
                                      Jeffrey S. Michaelson (#3299)
                                      Michaelson & Michaelson
                                      70 Romano Vineyard Way, Ste. 117
                                      North Kingstown, R.I. 02852
                                      (401)295-4330
                                      (Fax)295-5220

CERTIFICATE OF SERVICE

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

Hard copy mailed to:

Christopher Young
4 Angell Road
Narragansett, RI 02882

                                            /s/Jeffrey S. Michaelson