UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTOPHER YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-937-ML-LDA |
| | ) |
| BROWN UNIVERSITY, through its president, Christina Paxon, and former president, Ruth Simmons; Edward Wing, MARISA QUINN, PAUL SHANLEY, And BROWN UNIVERSITY POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' MEMORANDUM IN SUPPORT OF BILL OF COSTS

Defendants in this matter have filed a Bill of Costs, concurrently with the filing of this Memorandum. Federal Rule of Civil Procedure 54(d) provides that costs should be allowed to a "prevailing party." Local Rule 54 provides that the Clerk shall "tax those costs which appear to be properly claimed and shall notify all parties of the costs allowed."

In this case, Judgment was entered on November 6, 2015 as follows:

Judgment shall enter for all Defendants against Plaintiff Christopher Young:

1) pursuant to this Court's Memorandum of Decision dated November 6, 2015, finding in favor of Defendants Brown University and Paul Shanley as to Count X (the restraining order claim) of Plaintiff's Complaint;

2) pursuant to this Court's Memorandum of Decision dated October 22, 2014, granting Defendants' Brown University's and Paul Shanley's motion for judgment on partial findings as to Counts I, II, and XII;

3) pursuant to this Court's Order dated April 10, 2014, dismissing (by stipulation) all claims of named Defendants other than Defendants Brown University and Paul Shanley (as were all other counts of the Complaint except those enumerated above).

Defendants seek, in their Bill of Costs, only the costs of the deposition transcript of Plaintiff and the cost of the transcript of Plaintiff's trial testimony, which were used at trial, in preparation of mid-trial memoranda regarding the Rule 59 Motion and Motion regarding preclusion of testimony by Dr. Curran, and in Post-Trial Memoranda.

As set forth in the Affidavit of Jeffrey S. Michaelson, filed together with this Memorandum, the amounts listed in the Bill of Costs are correct and were actually paid. Furthermore, the services reflected in the Bill of Costs were actually performed, the disbursements actually incurred and, in each case, were necessary to the defense of this matter.

Pursuant to 29 U.S.C. Sec. 1920(2), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed.

Wherefore, Defendants respectfully request that the Clerk tax costs in favor of Defendants in against the Plaintiff in the amount of One Thousand Four Hundred Thirty-Three and 55/100 Dollars ($1,433.55).

                                              Respectfully submitted,
                                              Defendants,
                                              By their attorney,

Date: November 9, 2015                     /s/Jeffrey S. Michaelson
                                              Jeffrey S. Michaelson (#3299)
                                              Michaelson & Michaelson
                                              70 Romano Vineyard Way, Ste. 117
                                              North Kingstown, R.I. 02852
                                              (401)295-4330
                                              (Fax)295-5220

CERTIFICATE OF SERVICE

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of filing of this document(s).

                                                           /s/Jeffrey S. Michaelson