UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER YOUNG,
    Plaintiff,

v.                                             C.A. No. 12-937-ML

BROWN UNIVERSITY,
THROUGH ITS PRESIDENT, CHRISTINA
PAXSON, AND FORMER PRESIDENT,
RUTH SIMMONS

EDWARD WING

MARISA QUINN

PAUL SHANLEY;
BROWN UNIVERSITY POLICE
OFFICERS, JOHN DOES,
    Defendants.

**ORDER**

On November 6, 2015, this Court entered a Memorandum of Decision in this long-standing litigation. All but one of Plaintiff's claims having been dismissed by stipulation and/or decided in the Defendants' favor after a one-day trial without a jury, the Court found for the Defendants on the last remaining claim. (Dkt. No. 92). Judgment was entered on the same day (Dkt. No. 93).

On November 9, 2015, the Defendants submitted a bill of costs (Dkt. No. 94), together with a supporting memorandum (Dkt. No. 94-1), an affidavit from Defendants' counsel, and an invoice for transcription services (Dkt. No. 94-2). Pursuant to Rule 54

1

of the Federal Rules of Civil Procedure, Defendants seek the costs of preparing transcripts for Plaintiff's deposition and trial testimony in the total amount of $1,433.55.

On November 16, 2015, the Plaintiff filed a motion in opposition to the imposition of costs (Dkt. No. 95) on the grounds that (1) Plaintiff's *in forma pauperis* ("IFP") motion had been granted by a Rhode Island state court prior to removal of the case to this Court; and (2) Plaintiff's complaint was not frivolous. In support of the latter contention, the Plaintiff pointed to the Defendants' decision to withdraw a No Trespass Order—which was "the basis of Plaintiff's Injunctive Count"—before the Court made a determination on the constitutional validity of that order. Pltf.'s Mem. at Page 2 of 2 (Dkt. No. 95-1).

In response, the Defendants asserted that the No Trespass Notice was revised after the parties had engaged in lengthy settlement discussions in an attempt to arrive at a mutually agreeable notice. Defendants maintained that, while the Plaintiff was initially accorded IFP status, his complaint alleged constitutional violations that were neither factually nor legally supported. Defs.' Reply at Page 3 of 3 (Dkt. No. 96).

On December 3, 2015, while a determination on the bill of costs was still pending, Plaintiff filed a notice of appeal (Dkt.

No. 97), together with an application to proceed without prepayments of fees (Dkt. No. 98). In his application, Plaintiff asserts that he has not worked in the past six years. On December 7, 2015, Magistrate Judge Almond issued a Memorandum and Order, in which he advised the Plaintiff that, unless he provided the requisite affidavit pursuant to Fed. R. App. P. 24(a) by December 31, 2015, his application would be denied and his appeal would be dismissed for nonpayment of the filing fee. Memorandum and Order (Dkt. No. 100). On December 31, 2015, the Plaintiff filed the requisite affidavit (Dkt. No. 101). On January 5, 2016, the Defendants filed a response in opposition to Plaintiff's IFP motion, (Dkt. No. 102), on the grounds that the Plaintiff's appeal failed to raise any appealable issue. On January 7, 2016, Magistrate Judge Almond issued a Memorandum and Order, in which he accorded the Plaintiff IFP status in filing his appeal (Dkt. No. 104).

I. **Standard of Review**

The award of costs following litigation is governed by Federal Rule 54. Pursuant to Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—<u>should</u> be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1)(emphasis added). Rule 54(d)(1) further provides that "[t]he clerk <u>may</u> tax costs on

14 days' notice. On motion served within the next 7 days, the court <u>may</u> review the clerk's action." Fed. R. Civ. P. 54(d)(1)(emphases added). Local Rule LR Cv 54 sets forth, in some detail, (1) the procedure by which a party may request costs; (2) how such costs are to be taxed by the clerk;[1] (3) the process of having the clerk's action reviewed; and (4) the requirement for parties to confer and resolve the matter.

Rule 54(d)(1) provides that "unless. . . a court order provides otherwise," costs should be awarded to the "prevailing party." Fed. R. Civ. P. 54(d)(1). The language of Federal Rule 54 indicates that the allowance of costs is discretionary. 10 Wright, et al., <u>Federal Practice and Procedure</u> § 2665 at 203 (2014)("The phrase 'unless a court order directs otherwise' makes the allowance of costs discretionary..."); <u>In re San Juan Dupont Plaza Hotel Fire Litigation</u>, 142 F.R.D. 41, 46 (D.P.R. 1992)(noting that Rule 54(d) "provides that the award of costs to

---

[1] The language of the local rule appears to indicate that the clerk "shall" tax appropriately claimed costs, although such taxation is made subject to possible modification by the Court. LR Cv 54(c), (d). To the extent the local rule is inconsistent with the Federal Rules of Procedure, the Federal Rules prevail. <u>NEPSK, Inc. v. Town of Houlton</u>, 283 F.3d 1, 7 (1st Cir. 2002)(stating that "a district court cannot enforce its local rules in a way that conflicts with the Federal Rules of Civil Procedure") (citing Fed. R. Civ. P. 83(a)(1), <u>Jaroma v. Massey</u>, 873 F.2d 17, 20 (1st Cir. 1983)("Local district court rules cannot be construed in such a way as to render them inconsistent with applicable provisions of the Federal Rules of Civil Procedure."))

the prevailing party is not obligatory but within the discretionary power of the Court"). In deciding whether to award costs to the prevailing party, "the federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case." 10 Wright, et al., Federal Practice and Procedure § 2668 at 235; In re San Juan Dupont Plaza Hotel Fire Litigation, 142 F.R.D. at 46 ("Decisions shall be based upon the facts and equities of each case.")

The Court notes that, particularly if the losing party is capable of paying the awarded costs, "'the presumption in favor of awarding costs to the prevailing party is difficult to overcome.'" BASF AG v. Great American Assur. Co., 595 F.Supp. 2d 899, 901 (N.D. Ill., Jan. 29, 2009)(quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir.1997)). Accordingly, the burden is on the non-prevailing party "to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party." 10 Wright, et al., Federal Practice and Procedure § 2668 at 236.

Usually, the party in whose favor judgment is entered is considered the "prevailing party." Tunison v. Continental Airlines Corp., Inc. 162 F.3d 1187, 1189 (D.C.C. 1998). Where a defendant successfully defends against a plaintiff's substantial

5

claims and judgment is entered accordingly, the defendant is generally considered the prevailing party. Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir.1998).

Regarding the award of costs against *in forma pauperis* litigants, courts that have addressed the issue have held that "a plaintiff's indigency does not require the court to automatically waive costs to an unsuccessful litigant." Cox v. Preferred Technical Group, Inc. 110 F. Supp.2d 786, 792 (N.D. Ind. Aug. 15, 2000)(citing McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir.1994) (noting that a district court may properly assess costs against even an *in forma pauperis* litigant); Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991)).

Although a court may take into consideration whether the non-prevailing party pursued the litigation in good faith, that fact alone, by itself, is not a sufficient reason to deny costs to the prevailing party. See Pacheco v. Mineta, 448 F.3d 783, 794 (5th Cir. 2006)(noting that the "Fourth, Sixth, Seventh, Ninth and Tenth [Circuit]—has ruled that good faith, by itself, cannot defeat the operation of Rule 54 (d)(1)"). Pacheco also lists a "wide range of reasons...to justify withholding costs from the prevailing party", including (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3)

6

close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. Pacheco v. Mineta, 448 F.3d at 794. Keeping these reasons in mind, the Court considers the Defendants' request for an award of costs in this action.

## II. Discussion

It is undisputed that the Plaintiff prevailed on none of his claims. Some were voluntarily dismissed by stipulation over the course of the lengthy litigation; three (Counts I, II, and XII) were decided for the Defendants on their motion for judgment on partial findings after a one-day trial; and the remaining claim (Count X) was decided for the Defendants after the parties rested and had a final opportunity to argue their respective positions. Eventually, judgment was entered in favor of the Defendants, who had defended successfully against all of Plaintiff's allegations. The Court also notes that the Plaintiff's suggestion that the Defendants felt compelled to amend the No Trespass Notice in order to preclude a determination on its constitutionality was not supported by the record. Accordingly, Defendants are the prevailing party in this case.

Although Defendants prevailed in this litigation, their ultimate win does not establish that all of Plaintiff's claims were meritless *ab initio*, or that those claims were brought in

7

bad faith. The Plaintiff voluntarily agreed to dismiss the majority of his claims by stipulation and he pursued only those claims for which, he believed, he could provide adequate factual or legal support. After conducting a bench trial, the Court denied the Defendants' motion for judgment on partial findings with respect to Count X of the *pro se* complaint, pending additional fact-finding at the continuation of trial. After the Defendants were successful in precluding the Plaintiff from introducing additional testimony by one of his physicians (Dkt. No. 78), the Plaintiff rested. Although the Plaintiff failed to carry his burden to prove his case, there are no allegations of bad faith during the litigation leveled against him.

   The fact that Plaintiff has only very limited resources has been well established. Based on the prior finding of indigency by the Rhode Island state court (which was never challenged by Defendants), the new finding regarding the Plaintiff's IFP status by Magistrate Judge Almond, and the information gleaned from the Plaintiff's filings and testimony at trial, it is evident that a $1,433 award of costs would present a considerable hardship for the Plaintiff. On the other hand, Brown University is known to have very considerable assets and resources and it can be expected to bear the costs of defending itself against claims such as those brought by the Plaintiff.

There have been no allegations of bad faith during the litigation process against the Plaintiff and the remaining claim at issue, although ultimately decided in the Defendants' favor, required both testimony and additional briefing for a determination of its validity. As such, the factors suggested by <u>Pacheco</u> weigh in the Plaintiff's favor. Accordingly, the Court is of the opinion that no costs should be awarded to the Defendants under the circumstances of this case.

SO ORDERED.

<u>/s/ Mary M. Lisi</u>

Mary M. Lisi
Senior United States District Judge
January 8, 2016