UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

2016 MAR 23 P 1: 40

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHRISTOPHER YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-937-ML-LDA |
| | ) | |
| BROWN UNIVERSITY and | ) | |
| PAUL SHANLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MOTION AND MEMORANDUM FOR TRANSCRIPT AT

GOVERNMENT EXPENSE

Comes now the Plaintiff, Pro Se, requesting to obtain an order granting a

transcript at government expense due to Plaintiff's in forma pauperis (IFP) status having

been granted by this court, the need to clarify the record and the transcript is required for

purposes of proper appellate review. Please see MEMORANDUM AND ORDER

granting (Docket #98) Motion for Leave to Appeal in forma pauperis. So Ordered by

Magistrate Judge Lincoln D. Almond on 1/7/2016. (Noel, Jeannine) (Entered:

01/07/2016)

Plaintiff was granted TEXT ORDER granting (Docket # 108 with the United

States Court District of Rhode Island) MOTION for Transcript at Government's

Expense (re Docket # 65) Transcript of Excerpt of the Bench Trial held on

10/6/2014. The Clerk was directed to mail Plaintiff a copy of the Transcript

(Document No. 65). So Ordered by Magistrate Judge Lincoln D. Almond on

1/22/2016. (Noel, Jeannine) (Entered: 01/22/2016)

The above transcript that was granted was an excerpt of the Bench Trial held on 10/6/2014 and Plaintiff requires the remaining portion of the Bench Trial transcript held on 10/6/2014 to clarify the record and the transcript is required for purpose of proper appellate review including all the remaining transcript including Plaintiff and Defendants counsels statements, Kara Young's witness testimony and the trial Judge's statements. This, in part, goes to injury suffered by the Plaintiff and other facts.

This transcript is needed to clarify the record that testimony to injury suffered by the Plaintiff in fact was offered at trial and other facts.

Judge Lisi based her decision, in part, on testimony given at the Bench Trial held on October 6, 2014.

The Plaintiff is entitled to a fair and accurate record for purposes of appeal and this request is not frivolous.

Judge Lisi stated that the original no trespass order was "overly broad and vague" in chambers on 3/5/14. The Defendants were directed to come back with a less broad and vague revised order.

A example of the trial court addressing this issue is that the trial court has stated in its decision on costs:

"the Plaintiff pointed to the Defendants' decision to withdraw a No Trespass Order—which was "the basis of Plaintiff's Injunctive Count"—before the Court made a determination on the constitutional validity of that order." Pltf.'s Mem. at Page 2 of 2 (Dkt. No. 95-1). Please see Case 1:12-cv-00937-ML-LDA Document 105 Filed 01/08/16 Page 2 of 9 PageID #: 926

The Court also notes that the Plaintiff's suggestion that the Defendants felt compelled to amend the No Trespass Notice in order to preclude a determination on its

constitutionality was not supported by the record. Please see Case 1:12-cv-00937-ML-LDA Document 105 Filed 01/08/16 Page 7 of 9 PageID #: 931

The fact is the Plaintiff believes the trial court erred in its decision on the constitutionality of the original order but also the state law claims and damages have never been addressed that were requested in Plaintiff's original complaint.

The entire transcript of the Bench Trial held on 10/6/2014 will contain testimony in the record related to the following issues and more, many without objection from the Defendants. The Defendants threatened the Catholic Plaintiff, who was campaigning and handing out Pro Life leaflets, exercising free speech on his religious beliefs and campaigning issues, trying to reach voters, and petition, with arrest if Plaintiff just stepped onto Defendant's portion of a public sidewalk that was not marked as to which portion was publicly owned and which portion was privately owned. The Defendants took Plaintiff's Catholic Pro Life signs that stated "Abortion Equals Murder" and "No Abortion Funding" in reference to an open public forum on the Patient Protection and Affordable Care Act (PPACA), commonly called the Affordable Care Act (ACA). The Defendants threatened Plaintiff with arrest at any point in time if Plaintiff went onto any of Defendant's approximately 240 pieces of property in Providence Rhode Island even as the Plaintiff was a candidate for Mayor of Providence Rhode Island.

It is illogical to believe these same Defendants wrote a revised no trespass order out of the goodness of their hearts, as opposed to being instructed to do so by the trial court, granting Plaintiff entry into hundreds of pieces of Brown University property that the Plaintiff, a current and prior Federal Congressional candidate, political candidate and citizen of the United States, has been restricted from campaigning on, leafleting on, collecting signatures for ballot placement on, registering voters on, petitioning on, and

engaging in free speech on, and engaging in other constitutionally protected rights for over 4 years at locations including the Housing and Urban Development office (HUD), two buildings that house the public Providence police stations, 140 residential houses, public sidewalks and other places of public accommodation. It is clear that these same unconstitutional restrictions still exist in parts, granted in a substantially reduced manner, of the revised order and prevent the Plaintiff from engaging in the above activities in the future.

The entire trial transcript shows that the original order restricted Plaintiff's campaigning, Pro Life leafletting, and access to over 240 pieces of property in the city assessor's database that are owned by the Defendants, including the building that the Housing and Urban Development office (HUD), a Federal agency, is in, streets and sidewalks that were purchased by Brown University from the city under an agreement marked for identification, and both leased buildings and buildings owned by Brown University.

This transcript reflects that if the Plaintiff stepped onto the side of the sidewalk in front of the Brown University bookstore owned by Brown University the Plaintiff would be arrested by Brown University police.

In fact Plaintiff stated that the Defendants ordered that if the Plaintiff stood on the side of the sidewalk that was owned by Brown University, that the Plaintiff would be arrested under the no trespass notice that the defendants had issued.

The Plaintiff also states there was no clear indication as to where the demarcation was between the public and privately owned public sidewalk. The Plaintiff states that the Plaintiff asked for the Brown University police commanding officer to be called and that

the commanding officer stated that if Plaintiff stepped onto the side of the sidewalk owned by Brown University that the Plaintiff would be arrested.

The witness, Kara Young, also states other relevant information for the purposes of appeal in this transcript.

The overly broad and unconstitutional no trespass order violates the First Amendment on streets, sidewalks and other places historically open to the public, like entry into public Providence Police stations and the Federal Housing and Urban Development Office and damaged the Plaintiff.

The revised order, in part, greatly reduces these unconstitutional restrictions but only after 4 years of the original order being in place.

To view the revised no trespass order and one of the key changes, Please see Case 1:12-cv-00937-ML-LDA Document 69-1 Filed 04/13/15 Page 4 of 11 PageID # 607. "This prohibition does not apply to premises owned by Brown University but leased to other individuals or entities."

This change expands access to well over 140 residential apartments and other commercial property and places of public accommodation.

The Plaintiff has a true hardship case and has been granted IFP status. "[A]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

The trial court, in its decision of granting IFP status and no costs, has taken the position that Plaintiff has not sought this action in bad faith. This request for the above transcript seeks to support statements made by the Plaintiff at trial, in part, that were not objected to by the Defendants.

The trial court ordered that:

"Defendants ultimate win does not establish that all of
Plaintiff's claims were meritless ab initio, or that those
claims were brought in

Case 1:12-cv-00937-ML-LDA Document 105 Filed 01/08/16 Page
8 of 9 PageID #: 932

bad faith. ...Although the Plaintiff failed to carry his
burden to prove his case, there are no allegations of bad
faith during the litigation leveled against him.
The fact that Plaintiff has only very limited resources has
been well established. Based on the prior finding of
indigency by the Rhode Island state court (which was never
challenged by Defendants), the new finding regarding the
Plaintiff's IFP status by Magistrate Judge Almond, and the
information gleaned from the Plaintiff's filings and
testimony at trial, it is evident that a $1,433 award of
costs would present a considerable hardship for the
Plaintiff. On the other hand, Brown University is known to
have very considerable assets and resources and it can be
expected to bear the costs of defending itself against
claims such as those brought by the Plaintiff.

Case 1:12-cv-00937-ML-LDA Document 105 Filed 01/08/16 Page
9 of 9 PageID #: 933

There have been no allegations of bad faith during the
litigation process against the Plaintiff and the remaining
claim at issue, although ultimately decided in the
Defendants' favor, required both testimony and additional
briefing for a determination of its validity. As such, the
factors suggested by Pacheco weigh in the Plaintiff's
favor. Accordingly, the Court is of the opinion that no
costs should be awarded to the Defendants under the
circumstances of this case.SO ORDERED.


Clearly the remaining claim at issue, ... required both
testimony and additional briefing for a determination of
its validity and therefore was not frivolous."

In Ellis v. United States, 356 U.S. 674 (1958), the Supreme Court held that the request of an indigent for leave to appeal in forma pauperis must be allowed unless the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. cf. Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(to determine that an appeal is in good faith, the court need only find that a reasonable person could suppose that the appeal has some merit).

Since IPF status has been granted, the trial court has determined Plaintiff's case is not in bad faith and is not frivolous, the Motion for Transcripts at Government Expense should be granted.

Under 28 U.S.C. § 753(f), fees for transcripts furnished to persons permitted to appeal in forma pauperis shall be paid by the United States "if the trial court . . . certifies that the appeal is not frivolous (but presents a substantial question)." See Edward B. v. Paul, 814 F.2d 52, 57 (1st Cir. 1987). As the language of the statute makes clear, in forma pauperis status is a prerequisite to a grant of free transcripts. See Maloney v. E.I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967), cert. denied, 396 U.S. 1030 (1970)("Before a free transcript can be furnished, then, the appeal must be permitted in forma pauperis."). For the reasons discussed above, the Plaintiff was permitted to proceed in forma pauperis on appeal. There are contradictory facts on the record that are reasonably debatable, and present substantial questions. Therefore, the Plaintiff is entitled to free transcripts under § 753(f).[1]

---

[1]If the Defendant were entitled to proceed in forma pauperis on appeal, the second requirement of § 753(f) must be satisfied before this Court may order any transcript at the public expense -- a certification that "the appeal is not frivolous (but presents a substantial question)." A "substantial question" under § 753(f) is "one which is 'reasonably debatable' based on an objective standard." Shabazz v. Cole, 69 F. Supp. 2d 210, 227 (D. Mass. 1999)(citations omitted).

In addition, as stated above, in part, the requested trial transcript is "required for proper appellate review." Id. (quoting Nolt v. Strausser, 761 F. Supp. 18, 19 (E.D. Pa. 1990)).

Respectfully submitted,
Plaintiff,
Christopher Young,
*Pro Se*,

Date: March 23rd, 2016

Christopher Young
4 Angell Road
Narragansett, RI 02882
Tel. 401-477-6178

## CERTIFICATION OF SERVICE

I the undersigned hereby certify that I have mailed a copy of the within documents to all the named counsels of record at their addresses of record by first class U.S. mail postage prepaid this 23rd day of March, 2016.

Christopher Young
*Pro Se*
4 Angell Road
Narragansett, RI 02882
Tel. 401-477-6178